# THE STATE OF MISSOURI:

## JEFFERSON CITY, APRIL TERM, A. D. 1877.

IN THE FIFTY-SEVENTH YEAR OF THE STATE.

---

PRESENT :

HON. THOMAS A. SHERWOOD, CHIEF JUSTICE.
"  JOHN W. HENRY,
"  WARWICK HOUGH,        } JUDGES.
"  WILLIAM B. NAPTON,
"  ELIJAH H. NORTON,

---

## McCoy, Appellant v. Zane.

1. **Crime:** GAMING DEVICE: STATUTE CONSTRUED. The statute (Wag. Stat. 503, §§ 24—27) authorizing the seizure and destruction upon summary process of "any prohibited gaming table or gaming device kept or used within the County" does not warrant the destruction of such property, unless it is kept or used for gaming purposes.

2. **Police Power:** SUMMARY PROCESS: JURISDICTION MUST APPEAR. A Judge's warrant for the destruction of property issued under a statute, which permits condemnation without affording the owner an opportunity for a hearing or trial, must show upon its face the existence of all the facts requisite to authorize its issue.

3. **Void Warrant:** PROTECTION OF OFFICER. Unless it appears on the face of such warrant that the property condemned was kept or used for gaming purposes, the warrant will be no protection to the officer executing it.

*Appeal from Jasper Court of Common Pleas.*—E. O. Brown, Judge.

*Thomas & Garrison,* for appellants.

*Walser & Cunningham,* for respondent.

Napton, J.—This was an action in the Common Pleas Court of Jasper County to recover damages from the sheriff of said county for the destruction of a Roulette wheel and table under sections 24, 25, 26 and 27 of article 8 of the statutes concerning crimes and punishments (see W. S. p. 503). The plaintiff was the owner of the Roulette table at the time of its destruction. The defendant justified under the following order of the circuit judge dated November 26, 1873:

" State of Missouri, } ss.
   County of Jasper.  }

It appearing to the undersigned Judge of the Circuit Court within and for the County of Jasper that, in obedience to a warrant issued on the 22d day of Nov., 1873, directed to the sheriff of said county hereto annexed, he said sheriff did in the city of Joplin, in said County, seize the following gambling devices to wit:  One Faro Bank and outfit, one E. O. Roulette table and wheel and part of a Keno outfit, and the said articles being found to be gambling devices, it is therefore ordered by the undersigned Judge aforesaid, that said gambling devices be publicly destroyed by burning or otherwise, and that this order be executed by the sheriff of Jasper County, and that he make a return of this order, and that this order, the warrant and return thereon be filed in the office of the clerk of the Circuit Court of said county, and that the cost of this proceeding be certified by the sheriff to the County Court of Jasper County for payment. Given under my hand this 26th day of November, A. D., 1873.

B. L. HENDRICK,
*Circuit Judge.*

The following return was made on the order :

Executed the above order of Court by destroying by fire and otherwise the above described gambling devices as ordered by the Hon. B. L. Hendrick, Judge of the Circuit Court of Jasper County, Missouri, in a public place, in the City of Carthage, County of Jasper, Missouri, on the 27th day of November, A. D. 1873.        J. S. ZANE,

*Sheriff of Jasper Co. Mo.*"

Upon the trial of this case, it appeared from the defendant's statement as a witness that the Roulette wheel was packed away in a box at the time it was seized and was not then in use. The defendant did not know to whom it belonged at the time of the seizure, but before it was taken out of the room where it was stored, he was notified by the plaintiff in writing that the property was the plaintiff's and that it was not used for gambling purposes. The plaintiff on his examination said that he had owned the property sued for about three months prior to the date of its seizure, that it was stored away in the original package and was used for no purpose whatever, either by the plaintiff or any one else, that it had never been used for gaming purposes since he got it; that he took the property on a debt which was due him. The plaintiff offered to prove by other witnesses that he had lived in Joplin for more than two years, that he has a reputation as an upright citizen, that the property in question had never been used for any purpose, that ever since the plaintiff became the owner it had been packed away in a box and stored away in a room and had never been taken out of the room and box since the plaintiff owned it. This proposed evidence was rejected by the Court. The Court instructed the jury; "that although the defendant did take and destroy an E. O. Roulette table and wheel belonging to the plaintiff, yet if they believed from the evidence that the defendant took and destroyed said Roulette wheel and table as said sheriff under certain

warrants, read in evidence signed by B. L. Hendrick, Circuit Judge for Jasper County, Missouri, the jury will find the issue in favor of the defendant." Thereupon the plaintiff took a non-suit with leave to move to set it aside.

I. The provisions of the statute under which the conflagration occurred are as follows :

SECTION 24. Whenever any judge or justice of the peace shall have knowledge or shall receive satisfactory information that there is any prohibited gaming table, or gaming device kept or used within his county, it shall be his duty forthwith to issue his warrant, directed to the sheriff or any constable, to seize and bring before such judge or justice such gaming table or other device.

<div style="margin-left:2em">1.CRIME: gaming device: statute construed.</div>

SECTION 25. If any judge or justice have knowledge, or shall be satisfactorily informed of the name or description of the keeper of any such prohibited gaming table or device, he shall, also, issue his warrant to apprehend such keeper, and bring him before such judge or justice.

SECTION 26. The officer who shall be charged with the execution of any warrant specified in either of the two last sections, shall have power if necessary, to break open doors for the purpose of executing the same, and for that purpose may summon to his aid the power of the county.

SECTION 27. It shall be the duty of every judge or justice of the peace, before whom any such prohibited gaming table or device shall be brought, to cause the same to be publicly destroyed by burning or otherwise.

II. In view of the conclusion we have reached in this case, it is unnecessary to determine the questions which have been so extensively discussed by the counsel in regard to the constitutionality of these statutory provisions. Conceding them to be within the legislative discretion in its exercise of police regulations, which we are inclined to think they are, it must be admitted they are of a very stringent character, and must

<div style="margin-left:2em">2. POLICE POWER: summary process: jurisdiction must appear.</div>

be strictly construed. The destruction of private property without an opportunity being afforded the owner, of a hearing or trial, is to say the least an extraordinary investment of power, and can only be authorized when the health and morals or safety of the community require such legislation. Gambling devices are of infinite variety, as the decisions of our Court will show; and many of them may be kept or used for beneficial or at least harmless purposes. Ordinary cards have long since been held to be gambling devices, but it would astound the public to be advised, that a judge or justice of the peace could order a sheriff or a constable to seize all the packs of cards in the book stores and order them to be burned. The statute is intended to authorize the destruction of gambling devices, that are kept or used for gaming purposes. The 21st section of the Act explains who is to be considered as the keeper of a gambling device. That section is as follows : " Every person appearing or acting as master or mistress, or having the care, use or management, for the time, of any prohibited gaming table, bank or device, shall be deemed the keeper thereof; and every person who shall appear or act as master or mistress, or having the care, use or management of any house or building in which any gaming table, bank or device is set up or kept, or of any gaming house, brothel or bawdy house, shall be deemed to be the keeper thereof." The meaning of this section is obvious; a keeper of a gambling device is one who has the management of it, when used for gaming purposes, or when it is set up with a view to attract people to risk their money on it, and when such attractions are offered for the purposes of gain on the part of the keeper. The warrant of Judge Hendrick in this case failed to state that the gambling device brought before him was held or used for gaming purposes. This was of the essence of the offence. The jurisdiction confided to the judge was a special one, and was also entrusted to a justice of the peace, and the facts which warranted its exercise must appear in the warrant. Where no

jurisdiction appears, the order is void on its face, and furnishes no justification to the officer. It might be a question, whether a sheriff or constable, acting under the provisions of this statute, is not fully protected by a writ which on its face is regular, although the facts in the particular case did not warrant its issuance.

III. In this case there was an offer to prove facts which showed that the judge had no authority to issue the warrant. Whether such evidence should have been admitted or not is a question, upon which we give no opinion. There is no necessity for it in this case, since the judge seems not to have found, that the gambling devices ordered to be destroyed were held or used for gaming purposes. The jurisdiction of the judge depended on the establishment of these facts, and the officer cannot protect himself by an order of a judge who has no jurisdiction over the case, when the want of jurisdiction appears on the face of the warrant. Judgment reversed and cause remanded. The other Judges concur.