## COMMONWEALTH vs. GAMING IMPLEMENTS.

Suffolk.   November 23, 1891. — January 5, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Gaming — Forfeiture of Property — Unlawful Use.*

The purpose of the Pub. Sts. c. 212, § 9, as amended by the St. of 1885, c. 66, § 1, which provide for the forfeiture of property seized in a gaming-house during the progress of an unlawful game therein, seems to be to subject to forfeiture any property which is unlawfully used in a gaming-house, without proof of guilty knowledge on the part of the owner, and to put upon such an owner, who wishes to have his property secure, the burden of seeing that it is not kept and unlawfully used in such a house.

The Pub. Sts. c. 212, § 9, as amended by the St. of 1885, c. 66, § 1, providing for the forfeiture of property seized in a gaming-house during the progress of an unlawful game, require that such property, in the absence of a finding in proceedings thereunder that it was unlawfully used or intended to be unlawfully used, shall be delivered to the owner.

COMPLAINT, on the Pub. Sts. c. 99, § 10, as amended by the St. of 1887, c. 448, § 2, for the seizure of certain furniture, fixtures, and personal property, alleged to have been found in certain rooms resorted to for the purpose of unlawful gaming during the progress of an unlawful game. George P. Horan and Timothy F. Horan, doing business under the style of Horan Brothers, appeared as claimants of the property seized. The municipal court, to which the complaint was addressed, upon due proceedings had under the Pub. Sts. c. 212, § 9, as amended by the St. of 1885, c. 66, § 1, adjudged the property claimed to be forfeited, and ordered it to be sold and the proceeds paid into the county treasury, and the claimants appealed to the Superior Court.

At the trial in the Superior Court, before *Dewey*, J., the following facts were found, viz.: " That the place described in the complaint was resorted to for the purpose of unlawful gaming; that all the property described in the complaint, claimed by Horan Brothers, was found in said place at a time when persons were engaged in unlawful gaming therein; that said furniture, fixtures, and personal property were owned by Horan Brothers, and leased by them to the occupant or occupants of said place; but that Horan Brothers neither at the time of said leasing nor afterward before the seizure knew or had reasonable cause to know, or believed or had reasonable cause to believe, that said leased property was to be put into or used in a place resorted to, or was used for unlawful gaming."

The judge submitted to the jury these issues: " 1. Was the place described in said complaint resorted to for the purpose of unlawful gaming? 2. Were the furniture, fixtures, and personal property claimed by Horan Brothers found in said place at a time when persons were engaged in unlawful gaming therein? 3. Were the furniture, fixtures, and personal property, seized as aforesaid, owned by Horan Brothers, and leased by them to the occupant or occupants of the place? 4. Did Horan Brothers at the time of said lease, or afterward before the seizure, know or believe, or have cause to believe, that the leased property was to be put into or used in a place resorted to or used for unlawful gaming?'' The jury answered the first three issues in the affirmative, and the fourth in the negative.

The claimants requested the judge to rule that, upon the above

facts, they were entitled to the return of the property in question. The judge declined so to rule, but ruled that the government was entitled to a decree of condemnation and forfeiture of all the property, and ordered the same to be entered; and the claimants alleged exceptions.

*S. L. Whipple & G. A. Saltmarsh*, for the claimants.

*A. E. Pillsbury*, Attorney General, *& G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

KNOWLTON, J.    The Pub. Sts. c. 212, § 2, cl. 7, give authority to certain courts to issue warrants to search for and seize, among other things, " gaming apparatus or implements used or kept and provided to be used in unlawful gaming, in any gaming-house, or in any building, apartment, or place resorted to for the purpose of unlawful gaming, and the furniture, fixtures, and personal property found in such place at a time when persons are engaged in unlawful gaming." The Pub. Sts. c. 99, § 10, make particular provisions for issuing warrants to seize gaming implements, and to arrest persons found playing for money in gaming-houses, or present at games played for money or other things of value in gaming-houses, together with the implements there found. The St. of 1887, c. 448, § 2, amends the Pub. Sts. c. 99, § 10, so as to authorize the seizure of " all the personal property, furniture, and fixtures " found in gaming-houses under such circumstances, and the St. of 1885, c. 66, § 1, amends the Pub. Sts. c. 212, § 9, so as to make them applicable to the seizure of gaming implements and of property found in gaming-houses. The last sentence of this section as amended is as follows: " Any article not found to have been unlawfully used or intended for unlawful use shall be delivered to the owner."

The claimants in the present case contend that the unlawful use referred to is an unlawful use by the owner of the property, and not merely by the keeper of the gaming-house. We are of opinion that this contention is not well founded. The difficulty of enforcing the statutes against gaming is so great that the Legislature has found it necessary to make stringent laws, and so it is provided that not only the implements of gaming may be seized, but the personal property, furniture, and fixtures found in the gaming-house, and that such property, if unlawfully used or intended to be unlawfully used in the business carried on there, may be forfeited. The purpose of the statute seems to be to

subject to forfeiture any property which is unlawfully used in a gaming-house, without proof of guilty knowledge on the part of its owner, and to put upon property owners who wish to have their property secure the burden of seeing that it is not kept and unlawfully used in a gaming-house.

But we are of opinion that the court was wrong in decreeing condemnation and forfeiture on the facts found by the jury. There was no finding that the property was unlawfully used, or intended to be unlawfully used. In the absence of such a finding, the statute requires that it shall be delivered to the owner. It does not appear that this subject was brought to the attention of the presiding justice, and no issue was submitted to the jury in regard to it; but on account of this error there must be a new trial.                    *Exceptions sustained.*