STATE *vs.* SOUCIE'S HOTEL.

Penobscot.   Opinion November 21, 1901.

*Gambling Implements.   R. S., c. 125, § 12.*

Under R. S., c. 125, § 12, the use in gambling of a gambling apparatus or imple-
ment by a bailee, without the knowledge or consent of the owner, subjects it
to destruction upon due legal proceedings against it.

On exceptions by claimant.   Overruled.

Search warrant under R. S., c. 125, §§ 11 and 12, against Soucie's
hotel, in the city of Brewer, for gambling implements.   A nickel-
in-the-slot machine was seized and claimed by its owner, one
Charles W. Hayes, who prayed for its return.   The judge of that
court ruled that the machine was subject to condemnation and
ordered it to be destroyed by burning.   The claimant excepted,
and under Stat. 1895, c. 211, § 6, his exceptions were certified to
this court.

*B. L. Smith*, County Attorney, for State.

*T. W. Vose*, for claimant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT,
SAVAGE, POWERS, JJ.

EMERY, J.   The only question raised by this bill of exceptions
is whether the use in gambling of a gambling apparatus or imple-
ment by a bailee, without the consent or knowledge of the owner,
the bailor, subjects it to destruction under R. S., c. 125, § 12.
We think it does.   As said of a similar statute in *Commonwealth
v. Gaming Implements*, 155 Mass. 165, the effect of the statute is
to impose upon the owner of gambling apparatus or implements
the burden of effectually keeping them from being used in gamb-
ling.   All such apparatus and implements are presumably made,
owned and kept for use in gambling, and their destruction is
authorized, not to punish the owner for some unlawful act or

intent of his, but to protect society from the things themselves. In this respect they are unlike intoxicating liquors which are liable to destruction only when intended by the owner for unlawful sale, and at other times are innocent property, usable for innocent purposes. Intoxicating liquors are destroyed not because of their innate danger to society, but to punish the owner for making or permitting an unlawful use of them. Gambling apparatus and implements are treated by the statute as noxious per se, and they are ordered destroyed to remove a danger imminent from their very existence, not merely to punish the owner for an unlawful use. The statute by its terms strikes at the thing itself, and not at any act or intent of its owner.

The owner of this particular gambling apparatus did not effectually keep it harmless. It escaped from him to the hurt of society. It can, therefore, be lawfully destroyed in the manner provided by statute.

*Exceptions overruled.*