## JOHN R. FROST

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1901.*

1. SEARCHES AND SEIZURES—*when description in search warrant is sufficiently definite.* A search warrant commanding the seizure of "gaming implements and apparatus" concealed on the second floor of a certain building is sufficiently definite in its description of the property to be seized.

2. SAME—*owner of seized gaming implements not entitled to jury trial.* By providing that gaming implements and apparatus should be destroyed, after a hearing, under the direction of the judge, justice or court, the legislature did not violate the constitutional provision respecting trial by jury, since trial by jury was never a right in summary proceedings.

3. SAME—*destruction of gaming implements does not violate any constitutional provision.* The legislature having declared, in division 8 of the Criminal Code, that the keeping gaming implements and apparatus is an offense against the law, such implements and apparatus are not lawful subjects of property which the law protects, but are liable to seizure, forfeiture and destruction without violating any constitutional provision, whether they were in use for gaming purposes when seized or not.

4. GAMBLING DEVICES—*section 2 of Slot-machine act of 1895 considered.* Even if section 2 of the act of 1895, concerning slot-machines, (Laws of 1895, p. 156,) were held unconstitutional in providing for the destruction of gambling devices without providing a way for determining the character of the property seized as a gambling device, yet proper proceedings to enforce such section could be had under division 8 of the Criminal Code, relating to searches and seizures. (Expressions in *Bobel* v. *People*, 173 Ill. 19, adhered to.)

WRIT OF ERROR to the City Court of Mattoon, Coles county; the Hon. J. F. HUGHES, Judge, presiding.

ANDREWS & VAUSE, for plaintiff in error:

The affidavit for the search warrant and the search warrant are both insufficient, in law, to authorize the search or seizure in this case or to support the judgment of the court, for the reason neither particularly describes the property to be searched for, or states that a correct description is unknown. *Langdon* v. *People*, 133 Ill. 396;

Crim. Code, div. 8, secs. 1, 3; Bill of Rights, sec. 3; *Sandford* v. *Nichols,* 13 Mass. 286; *Hastings* v. *Haug,* 8 Mich. 87.

To come within the statute, a table or device must be set up, kept or exhibited for the purpose of gaming. *Commonwealth* v. *Gaming Implements,* 119 Mass. 332; 14 Am. & Eng. Ency. of Law, (2d ed.) 706; *Owens* v. *State,* 52 Ala. 213.

To keep a gaming table, bank or other device is to hold the same in readiness for the purpose of obtaining bettors. 14 Am. & Eng. Ency. of Law, (2d ed.) 712.

Gaming apparatus may be of valuable material, capable, in some other form, of being applied to useful and lawful purposes. *State* v. *Robbins,* 8 L. R. A. 438; *Attorney General* v. *Justices,* 103 Mass. 456.

The only statute under which it can be claimed that it is an offense to have in one's possession any kind of implements for gaming is the act of 1895, commonly called the "Slot-machine act," (Starr & Cur. Stat. p. 1306,) and it is unconstitutional and void, and in violation of section 1 of article 6 and of section 5 of article 2 of the constitution, for the reason that it provides no way of determining the character of the property by court or jury, but instead delegates judicial authority to determine that matter to municipal or other local authorities. *People* v. *Chase,* 165 Ill. 527; *Willis* v. *Legris,* 45 id. 289; *Poppen* v. *Holmes,* 44 id. 360.

Nor does reference to division 8 of the Criminal Code help the act of 1895, for the reason that it provides no way, judicially, to determine the character of the property, and is in violation of sections 2 and 5 of article 2 of the constitution, as it does not provide for a trial by jury.

H. J. HAMLIN, Attorney General, (E. S. SMITH, B. D. MONROE, and GEORGE B. GILLESPIE, of counsel,) for the People:

The proceeding is a judicial summary proceeding *in rem,* and contemplates a destruction of gaming apparatus under the direction of the judges, justice or court,

and no provision is made by the statute for a trial of issues by a jury.    Crim. Code, div. 8, sec. 7; 24 Am. & Eng. Ency. of Law, 497; *Glennon* v. *Britton*, 155 Ill. 232.

In summary proceedings the right of trial by jury has never existed, and the law has always been that bills of rights do not confer the right of trial by jury where it did not previously exist, but simply preserve it as it existed at common law.    6 Am. & Eng. Ency. of Law, 974; 24 id. 498; *Ross* v. *Irving*, 14 Ill. 171; *Kerwin* v. *People*, 96 id. 207; *Buckrice* v. *People*, 110 id. 33; *Bragg* v. *Railway Co.* 162 id. 353; *Insurance Co.* v. *Scammon*, 123 id. 605; *Spring Valley* v. *Coal Co.* 173 id. 503.

Proceedings under the eighth division of the Criminal Code are special statutory proceedings *in rem*, and amount to due process of law, and violate no provision of the constitution.    *Glennon* v. *Britton*, 155 Ill. 243.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon complaint in writing, verified by affidavit, a search warrant was issued by the judge of the city court of the city of Mattoon commanding a search of the building numbered 1816 and 1818 West Broadway, in said city, for gaming apparatus and implements used, kept and provided to be used in unlawful gaming, and directing the arrest of Jerome Dunn, in whose possession said gaming apparatus and implements were alleged to be.    The warrant was returned by the sheriff executed by seizing the following chattels found on the second floor of said building, to-wit: "About 2500 chips; four poker tables; one stud-poker table; three crap tables; one long table; three packs cards; one faro table and lay-out; 260 dice; one roulette wheel and table; one desk; eighteen chairs; one office chair; four stools," and also by arresting the said Jerome Dunn.    Plaintiff in error appeared upon the return of the warrant and was allowed to interplead, and entered his motion to quash the writ and return for the

reason that the affidavit upon which the writ was issued did not particularly describe the property to be taken under the search warrant. The motion was overruled and he excepted. He then filed his intervening petition, claiming to be the owner of the property found in the rooms on the second floor of No. 1816, and alleging that the implements and apparatus were not used for gaming at the time they were seized, but were stored in the room and were "knocked down" and not in condition for use. On the hearing of the cause he demanded a jury to try the issues, which was refused by the court, and he excepted. The cause was heard in a summary way by the court, and as to the property claimed by plaintiff in error the court made a finding that the property found in the rooms on the second floor of No. 1816, viz., two crap tables, one faro lay-out and one roulette wheel and table, were gaming implements and had no value or use for any other purpose, and the same were condemned and ordered destroyed. The rest of the chattels found in said rooms on the second floor of 1816 the court found were not in actual use for gaming purposes, and being of value for other purposes it was ordered that they be returned to plaintiff in error. The writ of error in this case was sued out to review the judgment against the property ordered to be destroyed.

The judgment being in favor of plaintiff in error except as to the two crap tables, one faro lay-out and one roulette wheel and table, which the evidence showed to be purely gambling apparatus and implements and to have no value or use for any other purpose, the only questions to be considered relate to the alleged errors in seizing them and rendering judgment against them.

The first question relates to the ruling of the court in refusing to quash the writ and return. The complaint charged that the second floor of the building was a place resorted to for unlawful gaming, and that gaming implements and apparatus were concealed on said second floor

of said building occupied by Jerome Dunn. The writ followed the complaint, and the objection made was, that the description of the property to be searched for was not sufficiently definite and particular. The statute authorizes searches for gaming apparatus or implements, and it would not be sufficient to describe the property as goods, wares and merchandise, or as chattels generally. The description must be so particular that the officer charged with the execution of the warrant will be left with no discretion respecting the property to be taken. But we regard the description in this case as sufficiently definite. It includes only apparatus or implements generally used in gambling for staking or hazarding money or other valuable thing to be won or lost. In the case of stolen property or specific articles which can be readily described, great particularity is called for; but there might be much difficulty in giving a particular description of the various gambling devices, and we think more latitude should be allowed in the description. Under the warrant the officer could not take goods or chattels generally, found in the premises, but only apparatus and implements for gaming.

The next alleged error is denying the plaintiff in error a trial by jury. The right to such a trial in the classes of cases in which it was enjoyed before the adoption of the constitution is preserved inviolate by that instrument, but in all other cases the legislature may provide for a hearing or trial without a jury. (*Ross* v. *Irving*, 14 Ill. 171; *Commercial Ins. Co.* v. *Scammon*, 123 id. 601; *City of Spring Valley* v. *Coal Co.* 173 id. 497.) This case does not belong to any class in which plaintiff in error would have had a right to trial by jury before the adoption of the constitution. Trial by jury was never a right in summary proceedings, and the legislature did not violate the constitution by providing that gaming implements and apparatus should be destroyed, after a hearing, under the direction of the judge, justice or court.

Plaintiff in error says that the implements and apparatus in question were not in use for gambling when seized, and that the only statute making it an offense to have such property in his possession is the act in force June 21, 1895, prohibiting the keeping of any clock, joker, tape or slot-machine, or any other device upon which money is staked or hazarded, or into which money is paid or played upon chance, or upon the result of which money or other valuable thing is staked, bet, hazarded, won or lost. (Laws of 1895, p. 156.) He claims that section 2 of that act, providing for the destruction of such gambling devices, is unconstitutional and void, for the reason that it provides no way of determining the character of the property, but delegates judicial authority to municipal or other local authorities to determine that question and destroy the property, and that as this proceeding must be under that section the judgment is unauthorized. Division 8 of the Criminal Code provides for searches and seizures of gaming apparatus or implements, and that the thing seized shall be burned or otherwise destroyed under the direction of the judge, justice or court. In *Bobel* v. *People*, 173 Ill. 19, it was insisted that section 2 of said act of 1895 was unconstitutional for the reason here alleged. The section relating to the destruction of the property was not involved in that case, but in reply to the argument we said that proper proceedings to enforce the section could be had under the general provisions in relation to searches and seizures found in division 8 of the Criminal Code. We adhere to the opinion then expressed. The proceeding under division 8 does not violate any constitutional provision or deprive any one of property without due process of law. The legislature have determined that gambling implements and apparatus are pernicious and dangerous to the public welfare, and the keeping of them is an offense prohibited by law. They are, therefore, not lawful subjects of property which the law protects, but have

ceased to be regarded or treated as property, and are liable to seizure, forfeiture and destruction without violating any constitutional provision. (*Glennon* v. *Britton,* 155 Ill. 232.) The evidence fully justified the conclusions of the court that the property condemned and ordered to be destroyed had no value or use for any other purpose than that of gambling, and there is no error in the record which calls for a reversal of the judgment.

The judgment is affirmed.        *Judgment affirmed.*