[No. 4631.]

KITE ET AL. v. THE PEOPLE.

1. **Constitutional Law—Jury Trial—Gambling Devices.**

A proceeding under section 1343 Mills' Ann. Stats., providing for the seizure and destruction of gambling devices, is a proceeding in rem, and the constitutional right of trial by jury does not apply to such proceeding, and said statute is not in violation of section 25 article 2 of the constitution providing that no person shall be deprived of life, liberty or property without due process of law in the respect that no provision is made for jury trial.

2. **Gambling Devices—Chattel Mortgages.**

The destruction of gambling devices under section 1343 Mills' Ann. Stats., on which there was a chattel mortgage, is not illegal as to the mortgagee where the devices were left in the possession of the mortgagor to be used as he saw fit, the mortgagee knowing that the only reasonable use they could be put to was for gambling purposes, although the mortgagee did not actually give his consent to or know of such use by the mortgagor.

*Appeal from the District Court of Teller County.*

Mr. J. MAURICE FINN, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, assistant attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an appeal from a judgment of the district court of Teller county which ordered the destruction

of a gambling device called a roulette wheel. In a criminal prosecution against J. G. Kite, one of the appellants here, it appeared to that tribunal from Kite's own statements, that he had in his possession, and was using, this roulette wheel and other paraphernalia for the purpose of gambling, whereupon the court made an order directing the sheriff of the county to seize the property and bring the same into court to be disposed of as the law directs, required notice to be served on Kite and Assmussen, who claimed interests in the property, and they were accordingly cited to appear and show cause, if any they had, why the wheel should not be destroyed. The sheriff executed the order by seizing the wheel and bringing it into court, and serving the prescribed notice on Kite and Assmussen. It does not clearly appear what, if any, formal defense Kite made to the citation, but Assmussen came into court and asked and obtained leave to file a petition of intervention setting forth his claim to the property seized. A hearing was had, witnesses were summoned and testified, and full opportunity given to appellants to present their claims. From the record now before us it appears that Kite was the owner of the wheel. He was indebted to Assmussen, and to secure the payment of the debt gave a chattel mortgage upon it and other property which had been used in conducting a liquor saloon and gambling establishment, and in the mortgage was a provision that until default was made by the mortgagor in the performance of its conditions, he should retain possession of, and continue to use, the mortgaged property.

The wheel was unquestionably used for gambling purposes in violation of the statute. Assmussen claimed, and for the purposes of the present case it may be conceded as true, that he was not interested in the gambling, did not know that the wheel was

being so used, or give his consent or permission therefor. He was aware, however, that the only use that could be made of this roulette wheel was for gambling, that it had been so used before the mortgage was given, and it was understood by him when the mortgage was executed that the mortgagor might thereafter so use it, if he saw fit, without the consent or permission of the mortgagee. Upon this showing the court found that the wheel was used and kept for gambling and ordered the sheriff to destroy it.

The statute under which the proceeding below was conducted is section 1343 Mills' Ann. Stats., and reads:

"It shall be the duty of all sheriffs, coroners, constables, police officers of cities, and other officers charged with executing the laws of this state, whenever it shall come to the knowledge of any such officer that any person has in his possession any cards, tables, checks, balls, wheels or gambling devices of any nature or kind, used or kept for the purpose of gambling or playing at any game of chance; or that any cards, tables, checks, balls, wheels or gambling devices used or kept for the purposes aforesaid may be found in any place, to seize and take such cards, tables, checks, balls, wheels, or gambling devices, and convey the same before some judge or justice of the peace of the county in which the same may be found; and it shall be the duty of such judge or justice of the peace to inquire of such witnesses as he shall summon to appear before him in that behalf, touching the nature of such gambling devices, and if such judge or justice shall ascertain that the same are used or kept for the purpose of gambling or playing at any game or games of chance, it shall be his duty to destroy the same. * * *"

It is not seriously contended that Kite has any grievance, if the statute is valid, but Assmussen's

assignments of error go not only to the invalidity of the statute, but to the insufficiency of the evidence. No question is raised by the attorney general as to the remedy by appeal.

The only errors assigned are: First, that the court was wrong in denying intervenor's demand that the sheriff be directed to deliver the property to him; and, second, that the court erred in the admission of evidence concerning the use to which the roulette wheel might have been, or was, put by the appellant Kite, since it appeared that such use was unknown to Assmussen.

It is questionable whether these assignments constitute a compliance with our rules so as to entitle appellants to be heard, but, waiving that, the case may be readily disposed of upon the only two questions which have been argued by counsel for appellants in his brief. It will be observed from the foregoing statement that no point is made that the statute does not provide for notice to the owner of the property seized and condemned; nor was any objection made below to the procedure adopted by the district court. Indeed, appellants made no objection whatever to the methods employed in making the statutory ascertainment, but, on the contrary, voluntarily appeared in response to the citation, without objection consented to the hearing before the judge, and made no demand for a jury. But the specific objections now urged are, first, that the foregoing statute is unconstitutional in that it violates section 25 of article 2 of our constitution, which provides that no person shall be deprived of life, liberty or property without due process of law in the respect that no provision for a jury trial is made; and, second, that, inasmuch as this wheel might have been used for some other purpose than for gambling, and the intervenor Assmussen, as the mortgagee, though

leaving it in the possession of the mortgagor, was not aware of its use for an illegal purpose, and did not knowingly permit of, or give his consent to, such use, the destruction as to him is illegal.

1.   Since the defendant made no demand for a jury, but consented to a hearing by the judge, we might very properly hold that he cannot be heard here to say that he was deprived of the right to a jury trial.   But there is a much more satisfactory way to decide the point.  The right of trial by jury does not apply to this proceeding.   As was said in *McInerney v. City of Denver,* 17 Colo. 302, 313: "Though a particular offense may have been unknown to the common or statutory law before the adoption of our constitution, yet if it clearly belongs to a class of offenses that were theretofore not triable by jury, the constitutional guaranties relating to jury trials do not apply."   Under similar statutes in other states the doctrine has been firmly established that the proceeding provided for in the foregoing section is *in rem,* that it is summary, and the constitutional right to a jury trial does not exist.— *Glennon v. Britton,* 155 Ill. 232; *Frost v. People,* 193 Ill. 635; *Oppenheimer v. Lalor,* 73 N. Y. Supp. 948; *Commercial Ins. Co. v. Scammon,* 123 Ill. 601; *Davidson v. New Orleans,* 96 U. S. 97; Waple's Pro. in Rem, §§ 23, 24, 65, 68, 72, 110, 140, 231, 238; *Lawton v. Steele,* 152 U. S. 133; State & Federal Control of Persons and Property, vol. 2, 826.

In *Frost v. People, supra,* page 639, speaking of a statute much like ours, the court said:  "Trial by jury was never a right in summary proceedings, and the legislature did not violate the constitution by providing that gaming implements and apparatus should be destroyed, after a hearing, under the direction of the judge, justice or court."   This observation has our approval.

2.   The record shows that this wheel was not only used for gambling purposes, but such was the only use to which it could reasonably be devoted. It was purchased with that distinct object in view, was so used, and for no other purpose. When it was left by the mortgagee in the possession of the mortgagor, it was known that the latter might. if he saw fit, continue to use it, as he had theretofore, for the purposes inhibited by the statute. The fact that Assmussen, the mortgagee, did not expressly, or otherwise, give his consent that the mortgagor might use it for gambling purposes, and that the mortgagee did not permit, or know of, such use, is not material. According to the decided weight of authority, it is held to be the duty of the person owning or having property that might be put to illegal uses to see that it is not done.—*Commonwealth v. Gaming Implements,* 155 Mass. 165; *Oppenheimer v. Lalor, supra; State v. Soucie's Hotel,* 95 Me. 518.

In the case from Maine, the supreme court of that state, speaking by Emery, Judge, well says:

"Gambling apparatus and implements are treated by the statute as noxious *per se,* and they are ordered destroyed to remove a danger imminent from their very existence, not merely to punish the owner for an unlawful use. The statute by its terms strikes at the thing itself, and not at any act or intent of its owner.

"The owner of this particular gambling apparatus did not effectually keep it harmless. It escaped from him to the hurt of society. It can, therefore, be lawfully destroyed in the manner provided by statute."

As only these two specific objections to which we have adverted have been made to the constitutionality of the statute, to them our ruling is limited. The objections, if any, that might be urged upon

other grounds, we have neither considered nor decided. The objections argued are untenable. The judgment is right, and it is accordingly affirmed.

*Affirmed.*