MILLER, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*April 11—April 29, 1913.*

*Gambling implements: Destruction: Measure of damages: Carriers.*

1. Where an article (in this case a slot machine) is useful and
   usable for gambling purposes only, and gambling is unlawful,
   and it is not shown that the article has any value except for
   use as a gambling device, such value will not be regarded as a
   legitimate measure of damages to be recovered where the ar-
   ticle is destroyed.
2. Where such an article has no value for any lawful purpose, no
   damages are recoverable against a carrier for an injury to it
   while in transit.

APPEAL from a judgment of the circuit court for Sauk
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

For fourteen years plaintiff was in the business of buy-
ing and leasing slot machines. During that time he owned
four or five hundred machines and sold a few, not to exceed
twenty. His usual custom was to lease the machines to sa-
loon and hotel keepers on an agreement that he was to receive
as pay for their use one half the profits derived therefrom.
The plaintiff looked after and cared for the machines so
leased. He said: "When I know a machine is going to take
a vacation pending an election or a wave of reform, I put it
in a dry place."

On August 3, 1910, plaintiff boxed up and shipped a slot
machine from La Valle to Necedah over the defendant's line
of road. The machine was consigned to one Lecy, a saloon-
keeper at Necedah, and was shipped for the purpose of be-
ing set up and used as a gambling device in Lecy's saloon,
with the usual understanding as to compensation for its use.
The machine was an eight-play quarter machine. The small-
est coin that could be used therein was a quarter, and it ad-
vertised to pay as high as $20. The plaintiff testified that
the chances on the machine were ten per cent. against the

player. Gambling slot machines were under the ban of the municipal authorities at Necedah when the shipment was made. The machine was broken in transit to such an extent that plaintiff claimed it was worthless, and this action was brought to recover damages resulting from the injury to the machine. When new the machines cost about $140. The one in question was second-hand, having been used for some time. There was no testimony to show the value of the machine for any other purpose except for use as a gambling device, or in fact that it had any value for any other purpose. The jury awarded the plaintiff $75 damages. The trial judge was of the opinion that plaintiff was entitled to recover the value of the article for the purposes of gambling and gave judgment on the verdict. Defendant appeals.

*Edward M. Smart,* for the appellant.

For the respondent the cause was submitted on the brief of *Grotophorst, Evans & Thomas.* They cited, among other cases, *Gulf, C. & S. F. R. Co. v. Johnson* (Tex.) 25 S. W. 1015; *Sutton v. Wauwatosa,* 29 Wis. 21; *Gerretson v. Rambler G. Co.* 149 Wis. 528, 136 N. W. 186; *McArthur v. Green Bay & M. C. Co.* 34 Wis. 139; *Steele v. Burkhardt,* 104 Mass. 59; *Gabbert v. Hackett,* 135 Wis. 86, 115 N. W. 345; *Delaware, L. & W. R. Co. v. Trautwein,* 52 N. J. Law, 169, 19 Atl. 178; *Compty v. C. H. Starke D. & D. Co.* 129 Wis. 622, 109 N. W. 650; *Judge v. N. P. R. Co.* 189 Fed. 1014.

BARNES, J. There is no claim on the part of either party that the machine in question was not a gambling device or that its use was not prohibited by secs. 4529 and 4531, Stats. Neither is there any claim that the machine was usable for any lawful purpose.

The judgment cannot stand unless the court holds that where an article is not usable and has no value for lawful purposes the right exists to recover for its value based on its use and usability for an unlawful purpose.

This question suggests some others that might arise: If a counterfeiter employed an engraver to make plates to be used in making counterfeit money and the plates were lost in the process of transportation or converted by some other party, could the cost price or their value for the unlawful use to which they were intended to be put be recovered? The same question might arise over a kit of burglar's tools valuable for the purpose of committing burglary, but having no particular value for any legitimate use. It is true that burglary and counterfeiting were offenses at common law while gambling was not. But no very good reason is apparent why the principle which would govern the cases assumed for the purpose of illustration would not apply to the actual case before the court.

The circuit judge decided the case on the authority of *Gulf, C. & S. F. R. Co. v. Johnson* (Tex.) 25 S. W. 1015. The case fully sustains the conclusion reached. It seems to be based on *Coolidge v. Choate,* 11 Met. 79. In the latter case the property involved was game-cocks. No attempt was made to recover on the basis of their value as fighting machines. Recovery was allowed on the theory that they had a market value when used for a lawful purpose. The same rule would apply to a pack of cards. We do not think the Massachusetts case passes upon the question decided in the Texas case. While the Texas case can be said to be directly in point, we think it was not correctly decided, and that the true principle upon which the decision should rest in the case under consideration is quite well established in this court and elsewhere.

The case of *Davelaar v. Milwaukee,* 123 Wis. 413, 101 N. W. 361, was brought to recover damages for negligently flooding a brick yard. There was evidence which tended to show that the plaintiff was a member of a combination formed to restrain trade. The court said: "If plaintiffs maintained ownership in an unlawful association . . . no damages for loss of business could be allowed them."

In *Raynor v. Valentin Blatz B. Co.* 100 Wis. 414, 76 N. W. 343, it was held that a tenant who was unlawfully evicted could not recover as part of his damages the profits which might be derived from the sale of liquor on Sunday.

*Haggerty v. St. Louis I. M. & S. Co.* 143 Mo. 238, 44 S. W. 1114, 40 L. R. A. 151, was an action brought to recover several thousand dollars damages because the defendant negligently permitted game placed in cold storage during the closed season in violation of law to be destroyed. Recovery was denied. It was said that the law will not stultify itself by promoting on the one hand what it prohibits on the other, and will leave the parties where it finds them, unsanctioned by its favor and unaided by its process.

In *Oviatt v. Pond,* 29 Conn. 479, it was held that liquors kept for sale contrary to law are regarded by the law as having no lawful value or value for lawful purposes.

In *Crigler v. Shepler,* 79 Kan. 834, 101 Pac. 619, it was held that a person employed in a prohibition state to sell liquor contrary to law could not recover on his contract of hire.

Other cases of like tenor are *People v. Adams,* 176 N. Y. 351, 68 N. E. 636; *Collins v. Lean,* 68 Cal. 284, 9 Pac. 173; *Frost v. People,* 193 Ill. 635, 61 N. E. 1054; *Mullen v. Mosely,* 13 Idaho, 457, 90 Pac. 986, 12 L. R. A. n. s. 394; *Board of Police Comm'rs. v. Wagner,* 93 Md. 182, 48 Atl. 455, 52 L. R. A. 775.

We do not wish to be understood as indorsing all that is said in the cases cited. What we do hold is that, where an article is useful and usable for gambling purposes only and gambling is unlawful and it is not shown that the article has any value except for use as a gambling device, courts will not regard such value as a legitimate measure of damages to be recovered where the article is destroyed. And where the implement has no value for any lawful purpose no damages in a case of this kind are recoverable. We think this rule is fairly within the principle of the decisions cited and that

it is in the line of good morals and sound public policy. The conclusion reached renders it unnecessary to discuss other questions raised in the case. The court should have directed a verdict for the defendant.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment dismissing the complaint.