No. 8905.

STANLEY-THOMPSON LIQUOR COMPANY *v.* THE PEOPLE.

1. PROPERTY—*What the Subject of.* Things capable of no lawful use, e. g. gambling devices, are not the subject of property. They cannot be recovered in replevin, nor will damages be given for their loss or injury.

2. GAMBLING DEVICES—*Destruction of.* Gambling devices capable of no lawful use are a common nuisance, and under the statute may be lawfully destroyed by the officers authorized thereunto, even though not used nor kept for use by the one having them in possession.

3. CONSTITUTIONAL LAW—*Private Property.* The statute directing the destruction of gambling devices (Rev. Stat., sec. 1795) is not unconstitutional.

*Error to Las Animas District Court, Hon. A. Watson McHendrie, Judge.*

Department.

Mr. T. S. McCHESNEY, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, and Mr. BERTRAM B. BESHOAR, Assistant, for the People.

Opinion by Mr. Justice Teller.

THE Stanley-Thompson Liquor Company, plaintiff in error, was the owner of certain gambling devices, some of which were stored in the back room of its place of business, and some in a public warehouse. The record shows that they were purchased some three years before the proceedings here under review, as a part of the property taken over by the plaintiff in error on purchasing a wholesale liquor business.

They were ordered to be destroyed under the authority of section 1795, R. S. 1908, and it is of this order that complaint is made.

The undisputed evidence is that they had never been used or offered for use during the three years since their purchase.

It was admitted that they were gambling devices, and the testimony showed that they could be used for no other purpose.

The trial court expressed the opinion that the sole question to be determined was "whether a gambling device not then in actual use for gambling is subject to this law"; and held these devices subject to said law.

This is the question argued in the briefs, counsel for plaintiff in error urging also that if the law be held to apply in this case it is unconstitutional in that it deprives persons of their property without due process of law.

The statute in question reads as follows:

"It shall be the duty of all sheriffs, coroners, constables, police officers of cities, and other officers charged with executing the laws of this state, whenever it shall come to the knowledge of any such officer that any person has in his possession any cards, tables, checks, balls, wheels or gambling devices of any nature or kind, used or kept for the purpose of gambling or playing at any game of chance; or that any cards, tables, checks, balls, wheels or gambling devices used or kept for the purposes aforesaid may be found in any place, to seize and take such cards, tables, checks, balls, wheels or gambling devices, and convey the same before some judge or justice of the peace of the county in

which the same may be found; and it shall be the duty of such judge or justice of the peace to inquire of such witnesses as he shall summon to appear before him in that behalf, touching the nature of such gambling devices, and, if such judge or justice shall ascertain that the same are used or kept for the purpose of gambling or playing at any game or games of chance, it shall be his duty to destroy the same. It shall be lawful for officers in executing the duties imposed upon them by this section to break open doors for the purpose of obtaining possession of any such gambling devices; and all persons having possession of any of the articles aforesaid shall be conveyed before some judge or justice of the peace of the county in which they may be found, and held or committed for appearance at the next term of the district court to answer to any indictment or information which may be preferred against them or any of them."

Counsel for plaintiff in error rely on *McCoy v. Jane,* 65 Mo. 11, in which the court construed a statute directing the destruction of devices "used or kept", for the purpose of gambling. It was there held that the statute applied only to such devices as are in *use* for gambling, or set up for that purpose. The court, however, came to that conclusion from a consideration of a section of the statute which, it was said, showed what was meant by the terms "used and kept." Our statute gives no such aid to its interpretation, and the Missouri case is therefore of no great help to us.

It is well settled that things which are capable of no use for lawful purposes, and it is established that these instruments are of that class, are not the subject of property. They cannot be recovered in replevin, nor will damages be given for their loss or injury. They are, as some courts have said, "outlaws". *Oviatt v. Pond,* 29 Conn. 479; *Spalding v. Preston,* 21 Vt. 9, 50 Am. Dec. 68; *Frost v. People,* 193 Ill. 635, 61 N. E. 1054, 86 Am. St. Rep. 352; *State v. Robbins,* 124 Ind. 308, 24 N. E. 978, 8 L. R. A. 438; *Mullen v. Moseley,* 13 Idaho 457, 90 Pac. 986, 12 L. R. A. (N. S.) 394, 121 Am. St. Rep. 277, 13 Ann. Cas. 450; *Miller v.*

*C. & N. W. Ry. Co.,* 153 Wis. 431, 141 N. W. 263, 45 L. R. A. (N. S.) 334, Ann. Cas. 1914D, 632.

If an instrument can have no lawful use, it must be presumed, in the absénce of evidence to the contrary, that an illegal use is intended. *Police Coms. v. Wagner,* 93 Md. 182, 48 Atl. 435, 52 L. R. A. 775, 86 Am St. 423. Its very existence is an imminent danger to the social welfare: *State v. Soucies Hotel,* 95 Me. 518, 50 Atl. 709; and it may be seized under statutory authority, or even under general police regulations. *State v. O'Neil,* 58 Vt. 163, 2 Atl. 586; *Frost v. People, supra.*

The keeping and use of these devices being prohibited by statute, they are a common nuisance. *Mullen v. Moseley, supra.*

Having in mind these principles, we are unable to agree with the contention that the seizure of such instruments was intended by the law makers only when they were in actual use. Since they are at all times a menace to society, not being capable of use except by violating the law, there is no reason why their abatement as a nuisance should be delayed until the law has been violated.

We regard the words "used or kept", not as describing the status of the devices as to use or otherwise at the time of seizure, but as descriptive of a class composed of things which are commonly used or kept for gambling.

If an instrument falls within that class, it is subject to the statute.

The court did not err in holding that these devices were lawfully seized and taken before him.

That the statute is not unconstitutional, as is alleged, in depriving persons of property without due process is settled by a mass of authorities. In nearly all of the cases above cited on other points this question was also presented and ruled against the contention of plaintiff in error.

In *Lawton v. Steele,* 152 U. S. 133, 38 L. Ed. 385, 14 Sup. Ct. 499, there was under consideration a statute of New York authorizing the summary destruction of fish nets used for fishing contrary to the law, a statute which the

Court of Appeals of that state denominated an extreme exercise of the police power of the state, and it was held not to be in conflict with either state or federal constitutional provisions.

The claimant in this case had his day in court, and his rights were determined in a regularly conducted judicial proceeding, and that constitutes due process of law.

The judgment is affirmed.

Judgment affirmed.

Mr. Justice Hill and Mr. Justice Bailey concur.