(Nos. 29120-23, incl.—)
THE CITY OF CHICAGO, Appellee, vs. THEODORE THOMSON
et al., Appellants.—THE PEOPLE OF THE STATE OF
ILLINOIS, Appellee, vs. RAY SAYERS et al., Appellants.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

ROBERT BACHRACH, and HAROLD MAROVITZ, both of
CHICAGO, for appellants.

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL,
A. A. PANTELIS, and SYDNEY R. DREBIN, of counsel,) all
of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants appeal from identical orders entered in the
municipal court of Chicago. Two of the cases were filed
against appellant Sayers and two against appellant Thom-
son. Quasi-criminal complaints of the city of Chicago
against each of the appellants charged him with unlaw-
fully keeping, owning, operating and using or causing to
be used, in a certain building, (describing it,) a certain
slot machine, in violation of section 191-5-CC, Revised
Code of the city of Chicago. The People filed an informa-
tion against each of the appellants charging them with un-
lawfully keeping a building, (describing it,) for the pur-
pose of storing slot machines, in violation of section 3 of
the act to prohibit the use of slot machines. Ill. Rev. Stat.
1943, chap. 38, par. 343.

Appellants filed separate motions, supported by affidavit, to suppress the evidence and for an order directing the police officers of the city to return the machines to them, alleging that the ordinance and the State law authorizing seizure were unconstitutional. These motions were denied and in the order of denial, upon the insistence of counsel for appellants, the court included an order confiscating the machines. Thereupon the People *nolle prossed* the information brought against the appellants under the statute and the city took a nonsuit in the cases against appellants brought under the city ordinance.

Appellants have brought the cases here on direct appeal, asserting that the confiscation order was entered under an invalid ordinance, and also that section 2 of the act to prohibit slot machines (Ill. Rev. Stat. 1943, chap. 38, par. 342,) authorizing seizure of slot machines not in use, is unconstitutional. This latter claim has been disallowed. This court has sustained the validity of this section of the statute in *Frost* v. *People,* 193 Ill. 635, and in *Bobel* v. *People,* 173 Ill. 19, where its validity was attacked on similar grounds. There is therefore no debatable ground for the alleged invalidity of said section 2, and asserting its invalidity does not raise a constitutional question giving this court jurisdiction on direct appeal.

Concerning the alleged invalidity of the ordinance under which seizure was made, it is sufficient to say that the suit based on the ordinance was dismissed and the validity of the ordinance is not before us. While the question is not raised, it is the duty of the court to refuse to take jurisdiction on direct appeal unless jurisdiction is shown by the record. There is no question in these cases giving this court jurisdiction on direct appeal, and the causes are, accordingly, transferred to the Appellate Court for the First District.

*Causes transferred.*