City of Chicago, Appellee, v. Ray Sayer, Appellant.
City of Chicago, Appellee, v. Theodore Thomson, Appellant.
People of State of Illinois, Appellee, v. Ray Sayers, Appellant.
People of State of Illinois, Appellee, v. Theodore Thompson, Appellant.

Gen. No. 43,803.

Opinion filed December 31, 1946. Rehearing denied January 14, 1947.
Released for publication January 15, 1947.

ROBERT BACHRACH and HAROLD MAROVITZ, both of Chicago, for appellants.

BARNET HODES, Corporation Counsel, for appellee; J. HERZL SEGAL, Head of Appeals and Review Division, A. A. PANTELIS and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

The defendants, Ray Sayer and Theodore Thomson, each prosecuted two direct appeals to the Supreme

Court from four separate but identical orders entered
in four proceedings in the municipal court of Chicago.
Two of the orders were entered upon quasi-criminal
complaints of the City of Chicago against each of the
defendants charging them with unlawfully keeping,
owning, operating and using or causing to be used in
a certain building, slot machines, in violation of sec-
tion 191–5 of the Municipal Code of Chicago, and the
other two upon an information filed by the people
against each of the defendants charging them with un-
lawfully keeping a building for the purpose of storing
slot machines, in violation of section 3 of the Act to
Prohibit the Use of Slot Machines (Ill. Rev. Stat. 1943,
ch. 38, par. 343 [Jones Ill. Stats. Ann. 37.273]). In
all of these cases the court denied defendants' motions,
as amended, to return to them, as custodians, some 118
slot machines taken by police officers, and to suppress
the machines as evidence upon hearing of the charges
lodged against them. The court's rulings were incor-
porated in an order prepared and submitted by de-
fendants, which not only denied their motions, but
upon their insistence, directed confiscation and de-
struction of the machines. Following the entry of
these orders the people *nolle prossed* the information
brought against defendants under the statute, and the
city took a nonsuit in the cases which were brought
under the city ordinance. The appeals were taken to
the Supreme Court on the theory that the confiscation
order was' entered under an invalid ordinance, and
also that section 2 (par. 342) of the Act to Prohibit
Slot Machines, authorizing seizure of slot machines not
in use, is unconstitutional. The Supreme Court dis-
allowed the latter claim, holding that it had previously
sustained the validity of that section of the statute in
*Frost v. People,* 193 Ill. 635, and in *Bobel v. People,*
173 Ill. 19, where its validity was attacked on similar
grounds, and said the mere assertion of its invalidity
raised no constitutional question giving the court juris-

diction on direct appeal. (*City of Chicago v. Thomson,* 393 Ill. 568.) As to the alleged invalidity of the ordinance under which seizure was made, the court held that since the suit based on the ordinance was nonsuited, the court was not required to pass on the validity thereof. Accordingly the four cases were transferred here for determination.

There is substantially no dispute as to the salient facts adduced upon the hearing of defendants' motions to suppress the evidence and to return the machines. Defendants supported their motions by affidavits, but introduced no oral testimony. Several witnesses testified on behalf of the city. From the evidence it appears that in the early morning of March 28, 1945 the fire department was forced to break in the doors and windows on the second floor of premises known as 1653–55 West Madison street to extinguish a fire. During the progress of the fire Battalion Chief Peterson sent for police officers Rupp and Karnick, who were directing traffic at the corner of Paulina and Madison streets. They entered the premises about 2:20 a. m. without forcing the door, walked up the stairs where the firemen had entered on the second floor, and there found numerous so-called slot machines, some of which were crated and others not. The premises consisted of five rooms, and machines were stored in every room. Later in the day Captain Looney of the police department entered the premises. The door was open. He and other officers played dime and quarter machines by inserting coins and pulling the handles. They inspected some of the machines, of which there were 118 in number, and found them mechanically operative. While some of the officers were on the premises a man and woman who lived in the back of the building entered the second floor. Upon interrogation it was found that they were the custodians of the building. The man, Ray Sayer, gave the police a written statement, saying that he was the

janitor at 1655 West Madison street and that the machines had been in the building since November 1944. The officers took Sayer in custody, seized the machines and ordered them moved to the police custodian.

On April 2, 1945, police officers were called to the premises at 1653 West Madison street, and there found the defendant Theodore Thomson, who had come to the police station earlier in the evening to report a burglary and theft of liquor at the Madison street address. Thomson and Sayer met Officer McManigal at the front door and took him into the premises. While there he saw two slot machines, which he played in the manner heretofore described. Thomson was taken into custody, and the two machines were seized. Both Sayer and Thomson were charged with possessing slot machines in violation of section 191-5 of the Municipal Code of Chicago and section 343 of the Criminal Code (Ill. Rev. Stat. 1945, ch. 38 [Jones Ill. Stats. Ann. 37.273]). All the machines taken from the premises were gambling devices.

Pursuant to a hearing the court denied defendants' motions to suppress as well as their petitions for the return of the slot machines, holding that the averments and prayer of the petition should be the subject of a civil proceeding. Thereupon attorneys for defendants prepared and submitted to the trial court a draft order which provided that the slot machines be confiscated. The city's attorney objected to the entry of such an order, on the ground that the only motions before the court were those to suppress the evidence and to return the slot machines, and in lieu of the orders presented by defendants he presented a draft order providing that the motions to suppress the evidence and to return the slot machines, be denied. The court refused to sign the order submitted by counsel for the city and on insistence of defendants entered the draft order which their attorneys had prepared

and submitted, providing for the confiscation of the slot machines. Defendants appeal from that order.

The record clearly establishes the fact that the devices taken from defendants' premises were "slot machines." The testimony of the police officers in this respect stands uncontradicted and unimpeached, and in fact the order entered by the trial court at the insistence of the defendants' attorneys, and prepared by them, makes the following finding: "(4) that the devices taken by the Department of Police of the City of Chicago consisted of what are commonly known as 'slot machines.'" Courts in this and other jurisdictions have repeatedly held that gambling devices are not lawful subjects of property which the law protects but have ceased to be regarded or treated as property, and are liable to seizure, forfeiture or destruction. The two leading cases cited by the Supreme Court in remanding these proceedings are squarely in point. In *Bobel v. People* the court said that they were "of the opinion that it was the purpose of the legislature in enacting this statute [An act to prohibit the use of clock, tape, slot or other machines or devices for gambling purposes, Laws of 1895, p. 156], not only to suppress the use of these gambling devices or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not,—otherwise, why make it a criminal offense to own or keep them, without qualification as to the purpose of such ownership or keeping, and why provide for their seizure and destruction?" In the *Frost* case the court said that "The legislature have determined that gambling implements and apparatus are pernicious and dangerous to the public welfare, and the keeping of them is an offense prohibited by law. They are, therefore, not lawful subjects of property which the law protects, but have ceased to be regarded or treated as property, and are liable to seizure, forfeiture and destruction without

violating any constitutional provisions.'' In *Stanley-Thompson Liquor Co. v. People,* 63 Colo. 456, 168 Pac. 750, the court held it to be ''well settled that things which are capable of no use for lawful purposes . . . are not the subject of property. They cannot be recovered in replevin, nor will damages be given for their loss or injury. They are, as some courts have said, 'outlaws.' [Citing cases in Illinois and other states.] If an instrument can have no lawful use, it must be presumed, in the absence of evidence to the contrary, that an illegal use is intended. *Police Coms. v. Wagner,* 93 Md. 182, 48 Atl. 435, 52 L. R. A. 775, 86 Am. St. 423. Its very existence is an imminent danger to the social welfare. *State v. Soucies Hotel,* 95 Me. 518, 50 Atl. 709; and it may be seized under statutory authority, or even under general police regulations. *State v. O'Neil,* 58 Vt. 163, 2 Atl. 586; *Frost v. People, supra.''*

■ ■ In a number of cases similar to the one at bar, courts have denied relief to the owners of slot machines and gambling devices, even though they were seized without a search warrant. Thus, in *J. B. Mullen & Co. v. Mosley,* 13 Idaho 457, 90 Pac. 986, plaintiffs brought an action to recover a number of slot machines from defendant, the sheriff of the county, and in holding that plaintiffs could not recover the devices the court stated that since the machines were capable of use only in violation of the laws of the State, it would not countenance an action looking to their recovery, and said: ''It is conceded that the only possible value they can have is for use in violating the penal statutes of this state; that, in order to be valuable and command any price in the market, it is necessary that they be used in the commission of crime. The courts of this state will not permit any person or number of persons to maintain an action for injury to or recovery of an article of such character. The plaintiffs, under such circumstances, have no standing in court. They have no grievance to present to a court, and they will

not be heard to cavil over the right of possession of instruments of crime." In *People v. One Pinball Machine,* 316 Ill. App. 161, a slot machine was seized without a warrant, and the court refused to order its return. In *Weis v. Allman,* 325 Ill. App. 554, recently decided by this division of the court, plaintiff brought an action in detinue for the return of slot machines taken by the police from lodge premises without search warrant. Plaintiff, the Greater Chicago Lodge No. 3, Loyal Order of Moose, calling attention to its charitable endeavors, contended that the machines were merely receptacles used as donation boxes by members only, not for gambling. In an exhaustive opinion written by Mr. Justice SCANLAN, we cited many of the foregoing decisions, including *Frost v. People, Bobel v. People, Stanley-Thompson Liquor Co. v. People,* and *People v. One Pinball Machine,* and many other decisions, to the effect that things which are capable of no use for lawful purposes are not the subject of property and cannot be recovered in replevin or otherwise, and we held that if the right of arrest exists, the right of search and seizure is incidental thereto, citing *People v. Davies,* 354 Ill. 168, *People v. Macklin,* 353 Ill. 64, and *People v. Roberta,* 352 Ill. 189.

██ One of the contentions made by defendants, seeking to differentiate this proceeding from all others, is that these slot machines were not subject to seizure because they were in storage for use on ships outside the State and not intended to be used for gambling purposes in the City of Chicago or the State of Illinois, and in their affidavits in support of the motions to suppress the evidence and to return the machines they sought to show that the slot machines were not intended for use in the City of Chicago or the State of Illinois, but were kept in storage to be placed on ships and vessels outside of the State. The courts at various times have held that slot machines can be seized even though they were not used for gambling purposes at

the time of the seizure. In *People v. Kay,* 38 Cal. App. (2d) 759, 102 P. (2d) 1110, the slot machines involved were identical with those of the case at bar. They were stored in a warehouse and were not used for gambling purposes at the time they were seized. The court there relied on *Bobel v. People,* and held that it was not necessary to prove that the slot machines were actually being used for gambling purposes at the time they were seized, saying: "We are of the opinion that since the slot machines in the instant case are incapable of being used for any purpose except gambling, their mere possession is a violation of Penal Code section 330a and that it is not a necessary element of the offense that the machines be actually used or kept for gambling purposes." In the *Frost* case defendant likewise contended that the gambling implements and apparatus could not be seized and destroyed because they were not being used for unlawful purposes when seized, but the court held that the devices could be destroyed even though they were not used for gambling purposes when taken. These cases clearly indicate that it is immaterial whether slot machines and other gambling devices are being used for gambling purposes at the time of the seizure.

The constitutionality of the statute (sec. 3 of the Act to Prohibit the Use of Slot Machines, Ill. Rev. Stat. 1943, ch. 38, par. 343 [Jones Ill. Stats. Ann. 37.273]) having been determined by the Supreme Court in its opinion transferring the cases to this court, counsel for defendants on oral argument addressed themselves primarily to the remaining contention that the city confiscation ordinance (sec. 191–6 of the Municipal Code of Chicago) relating to devices not in gambling use, is void and unconstitutional because it provides for seizure and destruction without specifying a forum for the confiscation, notice to the owner, trial and an opportunity to be heard on the part of one having an interest in the property, and their

counsel say that such legislative provisions in an ordinance contemplating confiscation and destruction in Illinois are essential to due process and to a compliance with the 14th amendment of the Federal constitution and section 2, article 2 of the Illinois constitution. They also argue that the ordinance is invalid because any ordinance passed by the city council must be consistent with the enabling legislation (par. 342 of the Criminal Code, Ill. Rev. Stat. 1943, ch. 38 [Jones Ill. Stats. Ann. 37.272]), and that this ordinance does not meet that requirement because the only thing which the police are authorized to seize under the ordinance is a machine "set up, kept or maintained" for gambling purposes, and therefore the police have no right to seize any gambling device which is not so used. All of these arguments with respect to the validity of the city ordinance were presented to the Supreme Court in the brief filed by defendants, and were disposed of in the last paragraph of the opinion as follows: "Concerning the alleged invalidity of the ordinance under which seizure was made, it is sufficient to say that the suit based on the ordinance was dismissed and the validity of the ordinance is not before us." Presumably the only questions that we are required to pass upon under the order of transfer are those which were before the Supreme Court when the transfer was made, and under the circumstances the validity of the ordinance for any of the reasons indicated is no more before us than it was before the Supreme Court. Under the statute the appellate courts in this State are not empowered to pass on constitutional questions.

When the orders which defendants had prepared, were submitted to the trial court, counsel for the city strenuously objected to the provisions for the confiscation and destruction of the gambling devices, but counsel for the defendants evidently wanted that provision included, because as he stated to the court, "That is what makes the order final." Counsel

for the city insisted that the proper forum for adjudicating the question of ownership of the machines "is in the civil courts by detinue action," and he requested the court to enter an order merely denying defendants' motion to suppress the machines as evidence and to return the property. As the matter comes to us it is really an appeal seeking a review of the order denying defendants' motion to suppress the machines as evidence and to return the property. The question therefore raised by the city is whether defendants can now object to the order directing the police department to confiscate and destroy the slot machines, a provision of the order prepared and submitted by them and incorporated therein upon defendants' insistence. The courts of this State have generally held that a party will not be allowed to take advantage of his own wrong or of an error of the court induced by his own motion. *Henry v. Metz,* 382 Ill. 297; *Kellner v. Schmidt,* 328 Ill. 426. In *Sheridan v. City of Chicago,* 175 Ill. 421, the court said that "plaintiff in error cannot complain of any defect which might exist in these orders, which were entered pursuant to his request and with his express consent, for there is no principle of law more familiar than that a party shall not be permitted to assign for error that which he has requested the court to do." (Citing cases.) Defendants thus find themselves in the position of appealing from an order procured by them and which the trial court was induced to enter on their own motion. Upon this ground alone the city would be entitled to an affirmance of the order from which these appeals have been taken.

For the reasons indicated the order or judgment of the trial court should be affirmed, and it is so ordered.

*Order affirmed.*

Sullivan, P. J., and Scanlan, J., concur.