HERMAN, Respondent, vs. MACKENZIE, Appellant.

*October 13—November 7, 1928.*

The cause was submitted for the appellant on the brief of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and for the respondent on that of *Vernon J. McHale* of Antigo.

The following opinion was filed November 7, 1928:

ROSENBERRY, J. The facts in this case are not in dispute. It is agreed that the plaintiff was the owner of the dog in question; that the plaintiff and one Perry Kramer were in the woods in the town of Vilas, Langlade county, Wisconsin, on December 1, 1927; that the dog in question was accompanied by another dog owned by Kramer; "that on said date the dogs above referred to began to bark about forty rods away from this plaintiff, and apparently were chasing some

wild game; that the plaintiff and the said Kramer were not aware of what kind of game the dogs were pursuing." It was further agreed—

"that said dogs were in truth and in fact pursuing a deer; that approximately two and a half miles from where the plaintiff first heard the dogs, one Charley Shanks found the said dogs chewing on a deer, which was almost dead, and from all the circumstances surrounding the finding of said dogs and deer it was obvious that the dogs had pursued and caught the deer; that said Charley Shanks killed said deer and took possession of the dog in question; that he thereupon called the deputy game warden from the city of Antigo, a distance of approximately twenty-three miles, and the said deputy game warden, to wit, Harold Norem, came to the scene of where the deer was killed and took possession of the dog; that he transferred said dog to the defendant herein, who is chief conservation warden of the state of Wisconsin, and that said defendant still has and retains possession of said dog pursuant to statutes as conservation warden."

There are other facts stipulated from which it appears that the plaintiff did not follow the dog after it entered upon the pursuit of the deer, but he and the person with him returned to their respective homes.

Sec. 29.03, Stats., provides:

"The following are declared public nuisances: . . .

"(8) Any dog found running deer at any time, or used in violation of this chapter."

On behalf of the plaintiff it is admitted that the dog was found running a deer; that it is immaterial who discovered him in the act; that Shanks was authorized to take possession of the dog; but it was argued that because sec. 29.03 does not provide any means for the disposition of the dog so taken and not being within the provisions of sec. 29.05 (7), the defendant could not retain possession of the dog and that the plaintiff might therefore lawfully claim the dog as his property and recover in this action.

Upon the stipulated facts the dog declared by the statute to be a public nuisance is in the hands of the conservation officer, and the question is whether or not the plaintiff has any right of property in the dog.

It is a general rule that articles which are by law a public nuisance *per se* are not lawful subjects of property which the law protects and such property may be seized and destroyed without violating any constitutional provision. *Frost v. People,* 193 Ill. 635, 61 N. E. 1054; *Mullen v. Moseley,* 13 Idaho, 457, 90 Pac. 986, 12 L. R. A. N. s. 394, note and cases cited.

The rule is most frequently applied to articles used in gaming and in connection with the commission of other unlawful acts of like kind. Here a dog, either by training or as a matter of natural instinct, is given to the pursuit of a deer upon his own account. If the testimony of the plaintiff is to be believed, he had nothing to do with the pursuit of the deer by the dog. A dog with proclivities of this kind is inimical to the preservation of game by the public and destructive of a public purpose. The law has therefore declared such an animal a public nuisance. It is considered, therefore, that the plaintiff has no right of property in the animal and that an action of replevin will not lie to restore possession of the dog to the owner under the admitted facts of this case. *Miller v. C. & N. W. R. Co.* 153 Wis. 431, 141 N. W. 263.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss plaintiff's complaint and to return the property to the defendant.

A motion for a rehearing was denied, without costs, on January 23, 1929.