People of the State of Illinois, Plaintiff-Appellee, v. One Pin Ball Machine and Michael D. Conway, Defendants, Wayne Mayborn, d/b/a Wayne Distributing Company, the Owner of "One Pin Ball Machine," Defendant-Appellant.

Gen. No. 11,202.

Second District, First Division.
February 17, 1959.
Released for publication March 6, 1959.

Wayne Wilson, of Sycamore, for defendant-appellant.

Carl A. Swanson, Jr., State's Attorney, of DeKalb (James E. Boyle, Assistant State's Attorney, of counsel) for plaintiff-appellee.

JUSTICE DOVE delivered the opinion of the court.
On November 8, 1957 the State's Attorney of DeKalb County filed in the County Court of that county his petition which alleged that on October 23, 1957 the sheriff of DeKalb County seized and took into his custody a described pin ball machine from the business

premises of Michael D. Conway who owned and operated a business known as Cortland Corners Tavern in DeKalb County; that said machine was used as and is a gambling device and subject to seizure, confiscation and destruction under the laws of this state.

The petition further alleged that said machine was not a gambling device per se but averred that its use was converted by the operators thereof, from amusement which rewarded the players with the right to replay to a device where the player was rewarded therefor by money or other valuable thing contrary to the provisions of [Ill. Rev. Stats.] Sec. 341, Ch. 38 of our Criminal Code.

The petition further averred that the said Conway while in possession of said machine and on October 23, 1957 plead guilty to the possession of gambling devices as so defined by Section 343 of Chapter 38 of our statute, before Arthur C. Taylor, a justice of the peace, and paid a fine and costs for the possession of said gambling device. It was then alleged that all the money contained in said machine was contraband property and subject to confiscation.

The petition alleged that Wayne Mayborn purports to have some title to said machine and money therein and prayed that the petition be set for hearing; that timely notice of said hearing be given Wayne Mayborn and Michael D. Conway and that the property may be proceeded against and upon the hearing, an order be entered directing the sheriff to (1) destroy the machine and (2) turn over to the County Treasurer the money found therein.

Defendant, Wayne Mayborn was duly notified and appeared and filed an answer in which he admitted that the sheriff had in his possession the described pin ball machine which had been taken from the tavern operated by Michael D. Conway. The answer denied that the machine was a gambling device or that the

machine was used as a gambling device or that its use was converted by its owner or operator from amusement to a device used for gambling. The answer averred that Conway had no property rights therein and neither admitted or denied that Conway plead guilty to the possession of gambling devices and stated that this defendant was not informed of any charge having been made against Conway. The answer denied that the money contained in the machine was an integral part of the gambling device and averred that the machine was not used for gambling on October 23, 1957 with the knowledge of this defendant. Defendant, Conway made no appearance. The issues made by the petition and answer of Mayborn were heard by the court resulting in an order finding that the defendant property was, as alleged, an unlawful gambling device, directed the money found therein to be turned over to the County Treasurer of DeKalb County and ordered the sheriff to destroy said machine. To reverse this order Mayborn appeals.

Upon the hearing the pin ball machine in question was in the courtroom and it was stipulated that the defendant Wayne Mayborn was the owner thereof. Vernon Brandenburg testified that he was a state police officer and on October 23, 1957 had a search warrant and went to the premises of defendant, Conway, known as Cortland Corners Tavern, and there found the machine in question which he identified. This witness further testified that upon this occasion he arrested Conway, the owner of the place, under a warrant which he had charging Conway with having possession of this device. Mr. Brandenburg testified that there was no evidence at the time he seized the machine that it was being used for gambling and he and the sheriff both testified that they had never seen the machine in operation.

518

Officer Brandenburg further testified that after he had seized the pin ball machine he placed Conway under arrest under the warrant which charged him with having a gambling device in his possession and then waited at the tavern until the sheriff came with a truck and the machine was picked up and taken to the county jail.

Richard Robb testified that he was a sergeant of the Illinois State Police; that he was at Cortland Corners Tavern on the evening of October 23, 1957 and identified the pin ball machine which was in court as the same machine he saw at the tavern on October 23, 1957. This witness testified that he had also been at Cortland Corners Tavern between seven and eight o'clock September 23, 1957 and was then asked by the State's Attorney: "What, if anything did you do there?" An objection was interposed to this question, counsel for defendant stating that there was no allegation in the petition with reference to September 23, 1957 and that whatever was done then would be immaterial upon this hearing. In reply to this objection the State's Attorney stated that the petition alleged that this machine was used as a gambling device and "we are seeking to show when it was used and how it was used." Counsel for defendant then stated: "If the machine was used to gamble on, September 23, that would not convert it into a gambling device per se October 23rd." The court sustained the objection of counsel for defendant stating: "You don't have to go back to September 23rd and show it. September 23rd has nothing to do with it."

The search warrant issued by the justices of the peace was offered and admitted in evidence. Among other things this warrant recited that Richard Robb had filed his verified complaint charging among other things, that gaming implements consisting of pin ball machines and punch boards were concealed on the

first floor of Cortland Corners Tavern. The search warrant further recited that the justices were satisfied that there was reasonable cause for issuing said warrant and directed the sheriff or any constable to search said premises in the nighttime and to bring the described goods and chattels and the person in whose possession they were found before said justices to be disposed of according to law.

The warrant issued for the arrest of Conway was also admitted in evidence. This warrant recited the filing of an affidavit by the said Richard Robb which charged the owner or agent of Cortland Corners Tavern with the offense of possession of a gambling device, "to-wit: a pin ball machine, in violation of Section 343 of Chapter 38 of the Revised Statutes of this State." The return of the officer to whom the search warrant was issued shows the seizure of "One Bally Variety Pin Ball Machine, Serial A–1973510" (which is the defendant machine) and the return of the officer to whom the warrant for the arrest of Conway was given shows Conway's arrest and that the officer brought him into the justice court at seven o'clock p. m. October 23, 1957.

The record also discloses that upon the hearing of the instant case the original search warrant was identified as People's Exhibit I and the original warrant for Conway's arrest was identified as People's Exhibit II. When offered in evidence counsel for defendant stated that he objected to the admission of these exhibits. The court inquired: "What is the basis of your objection?" To which counsel for defendant replied: "I object to the admission of the warrant, the complaint for gambling device because there is no showing that the subject of the suit here is the same gambling device that Michael Conway pleaded guilty to having kept." The State's Attorney called attention to the fact that the machine in court was iden-

tified by witnesses as the one in the Conway Tavern and that its serial number and description also appeared upon the return of the officer on the search warrant. Counsel for defendant then stated he was not objecting to the search warrant but to the warrant for the violation of the statute. This objection to this warrant was overruled and both exhibits were admitted in evidence.

It further appears from the record that when brought into the justice court the same night the pin ball machine was seized, Conway waived in writing, a trial by jury and entered a plea of guilty to the offense of possessing a gambling device. The docket of the justice of the peace before whom these proceedings were had was produced upon this hearing and without objection the entire docket entries were read into this record and it discloses that evidence was heard by the justice and that the court imposed a fine upon the defendant in the sum of $100, which amount, with the costs, Conway promptly paid.

The foregoing is a fair resume of the evidence found in this record. Counsel for Mayborn contended in the lower court and insists in this court that this pin ball machine is not a gambling device per se and that before it is subject to confiscation and destruction it must appear from the evidence that the machine had been converted to a gambling device, and that the evidence found in this record does not so show. The State's Attorney concedes that this pin ball machine is not a gambling device per se but insists that the evidence discloses that this machine had been converted to a gambling device by Conway who had it in his possession and control at the time it was seized and that the findings and judgment of the trial court should be sustained.

Division Eight of our Criminal Code has to do with search warrants and search and it is there provided

that upon a proper verified complaint being made to any judge or justice a search warrant may be issued for the purpose of search and seizure of gaming apparatus. It is further provided that the property or things described in the warrant and the person in whose possession they are found shall be brought before the judge or justices who issued the warrant; that the return of the officer shall particularly specify the property taken and the place and the person from whom the property is taken; that all the seized property shall be safely kept by direction of the judge, justice or court so long as necessary for the purpose of being produced or used as evidence on any trial and as soon as may be afterwards, property of the character here involved, shall be confiscated and destroyed under the direction of the judge, justice or court. (Ill. Rev. St. 1957, Ch. 38, Division VIII, secs. 691–699.)

In the instant case a search warrant was issued and delivered to a proper officer to execute. The defendant, Pin Ball Machine, was found in Conway's tavern and in his possession and it was seized as a gambling device and taken to the county jail by the officers who seized it. The same evening, Conway who operated the tavern where the pin ball machine was seized, was arrested upon the charge of having a gambling device in his possession contrary to the provisions of Section 343 of the Criminal Code (Ill. Rev. St. 1957, Ch. 38, sec. 343). He was present in court and had a hearing. He plead guilty to that charge and thereby admitted that he had offended against this particular section of the statute. Conway's plea of guilty and the judgment of the justice so finding him guilty was an admission or declaration by Conway, the person who was in control and possession of this particular machine, that it was a gambling device.

In Glennon v. Britton, 155 Ill. 232, the court was considering the validity of the several sections of the Criminal Code which have to do with search warrants. The court said: (pp. 241, 242) "It is manifest that sections 3 and 4 contemplate that the officer empowered to execute the search warrant shall bring, not only the things described in the warrant and against which the complaint was made, but also the person in whose possession they are found, if found, before the judge or justice. Notice of the proceedings, by service of the search warrant and bringing the person in possession of the property before the court, is clearly intended by the statute, and is doubtless required for the purpose of giving the owner or other person interested an opportunity to claim the property, as well as, perhaps, to ascertain whether the party in possession has committed an offense. In respect of all property mentioned in the act, except that which has been stolen or embezzled, the party in possession is, presumably, for the purpose of the act, the owner, if any one can in law be regarded as having ownership. Certain articles or things customarily regarded as property when lawfully acquired and used for a lawful purpose, may, by proper statutory enactment, cease to be so treated, and become liable to seizure, forfeiture and destruction, if they or their use is deemed pernicious or dangerous to the public welfare."

"Statutes," continued the court (pp. 244, 245) "of the character of those in question are enacted upon the theory that the proceedings shall be against the thing or in rem, and the State and Federal reports abound in decided cases in which laws of this kind have been held constitutional and valid, where no service was had or contemplated other than that upon or against the offending thing and the person in whose

possession it is found. . . . Gambling tables, implements and devices are not usual and customary subjects of property, and if such articles chance to be seized upon by vigilant officers of the law, the owners are more difficult to locate and apprehend. Experience has shown that while the property, materials and paraphernalia may be seized, and the immoral resort or rendezvous thus perhaps broken up, the proprietors, or those who engage in the immoral and nefarious business, are on the alert, and not infrequently evade, if they do not altogether escape, the just penalties of the law. The object of the proceedings to be instituted under the statute is, that the unlawful and immoral practice be stopped, by destroying implements, apparatus, materials, etc., with which it is carried on. The theory is, in respect of such property, that no one is longer the owner of it. The moment it is used and applied in the unlawful business it becomes liable to forfeiture, and though the claimant may appear and claim it, he has no greater rights in property so used than has any other person. That the business or traffic designated, in which the offensive property is used, is immoral and unlawful, and therefore a public nuisance, can not be questioned, and for the promotion of the general welfare the State, under its police powers, has the undoubted right to adopt the most expeditious, inexpensive and effective mode of abolishing and abating the same. Under the various acts of Congress goods and things are seized, condemned and destroyed without service of process on the owner, other than seizure of the goods and arrest of the person in whose possession they are found, and that such statutes, and proceedings under them, are regarded constitutional and valid has been determined in many adjudicated cases in the Federal courts." (citing cases)

The claim of appellant in the instant case to the right of possession of this machine is a pro-

ceeding in rem. (People v. Moore, 410 Ill. 241, 248.) The instant action is a proceeding against this particular pin ball machine. (Glennon v. Britton, 155 Ill. 232, 244.) The moment this machine was used in an unlawful business as said in Glennon v. Britton, supra (pp. 244-245) it became liable to forfeiture and though the owner appears and claims the machine, he has no greater rights in property so used than any other person. In theory no one is longer the owner of it. "If property is actually contraband no one can assert a legal ownership or right to possession that will be respected by any court." (People v. Moore, 410 Ill. 241, 247; Frost v. People, 193 Ill. 635, 640, 641.)

■ The determinative question in the instant case was not whether this machine was in use as a gambling device the very moment it was seized but had this machine been so converted and used and subject to the penalty imposed by the statute. The proffered testimony of Sergeant Robb that it was so used on September 23, 1957 was material.

The objection of counsel for appellant to the introduction in evidence of the search warrant was that the evidence did not disclose that the pin ball machine involved in this proceeding was the same gambling device to which Conway "pleaded guilty to having kept." The defendant machine was seized under the search warrant and there described as: "One Bally Variety Pin Ball Serial A–1973510." When seized at the Conway Tavern it was in the possession of Conway. The evidence is that the officer who seized the machine remained at the tavern until a truck came and it was loaded and taken to the jail and the witnesses, Robb and the Sheriff, went with the truck to the county jail where Mr. Taylor, the justice of the peace, had his office and court. Mr. Conway was present and was arrested, charged with the possession of a gambling device. The device which he was charged with possessing and which was seized at his

tavern was in the justice court when he entered his plea of guilty. By that plea Conway declared and admitted that this was a gambling device and that he was its possessor.

■ Prior to the amendment of the Gambling Device Act in 1953 the defendant machine was a gambling device per se (People v. One Pinball Machine owned by Henry Fox, 316 Ill. App. 161). This machine is identical with the defendant machine involved in People v. One Mechanical Device, 11 Ill.2d 151, and as there stated (p. 154) would fall within the prohibition of the statute if it returned money to the player. The defendant machine here, if it returned money to the player was a gambling device and subject to destruction. The possessor of the machine, in whose place of business it was found and seized declared, when he plead guilty that it was a gambling device and that he was in possession of it.

The instant proceeding is supplementary to that proceeding. The pin ball machine which the possessor declared was a gambling device was in court when its possessor entered his plea of guilty and was in court upon this hearing. Counsel for appellant argue that it makes no difference whether Conway pleaded guilty to having possession of this machine as a gambling device or not. "He may have made a mistake" says counsel, "and pleaded guilty to something he was not guilty of. If one pleads guilty to an alleged crime and there has been no crime committed, that, of course, doesn't mean anything at all. That Michael Conway paid a fine—he may have paid money for nothing. If this machine were used at sometime in the past by someone as a gambling device, that doesn't taint the character of the machine for ever after. If there was evidence before this court that this machine was seen by the People's witnesses to have been used as a gambling device and then and there seized

there would be no question that it would be subject to destruction. The only evidence we have here at all was that the State tried to prove it was used as a gambling device on the testimony that he was there September 23rd, thirty days before it was taken, which was objected to and sustained."

■ ■ We are not impressed with this argument. In our opinion it does mean something for the possessor of a pin ball machine, such as this, when charged that such machine is a gambling device and that it is in his possession, to declare that such charges are true. Furthermore, courts have always considered it within the province of a trier of facts, to make reasonable inferences from established facts and such permissible inferences will not be discarded by a reviewing court because other inferences might have been drawn from such established facts, unless the inferences drawn are unreasonable. (Zahn v. Muscarello, 336 Ill. App. 188, 194; Rosenfield v. Industrial Commission, 374 Ill. 176, 184.)

■ In our opinion the evidence in this record is sufficient to sustain the judgment appealed from and that judgment will, therefore, be affirmed.

Judgment affirmed.

SPIVEY, P. J. and McNEAL, J., concur.