(No. 32018.——▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ONE DEVICE KNOWN AS A "JOKER" OF "SLOTLESS" SLOT MACHINE, etc.——(BEULAH WHITSITT, Intervenor, Appellant.)

*Opinion filed November 27, 1951.*

STEWART & LYTTON, of East Moline, (BEN A. STEW-
ART, of counsel,) for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield,
and BERNARD J. MORAN, State's Attorney, of Rock Island,
(HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the
court:

This is an appeal by Beulah Whitsitt, intervenor and
appellant herein, from a judgment of the county court of
Rock Island County, whereby a certain machine belonging
to her was ordered destroyed as a gambling device and her
counterclaim praying for a return of said machine was
denied.

On January 4, 1951, at about 9:30 P.M., two police
officers entered the tavern of the intervenor, who will be
hereinafter referred to as appellant, located in the city of
Rock Island, and took possession of and carried away a
certain machine or machines, and delivered the same to
the chief of police of Rock Island. Neither of the officers
had a warrant authorizing a search of the premises or the
seizure of the machines.

On January 11, 1951, the People filed a petition in the
county court of Rock Island County, alleging that said
machine, which was designated as a "Joker" or "Slotless"

slot machine, was gambling equipment and was seized by police officers in the tavern of the appellant; that said "Joker" is gambling equipment upon the action of which money is staked, hazarded, bet, won or lost and is manufactured and made for the purpose of gambling uses and has no lawful purpose. The petition asked that notice be given appellant, in whose possession the machine was found, and prayed for an order directing petitioner, the State's Attorney, to destroy said machine. Summons for appellant was ordered to issue and was served and returned and appellant appeared therein as intervenor.

Appellant filed her answer and counterclaim in which she alleged that said machine was unlawfully seized, without any search warrant, and in violation of her rights guaranteed by the fourth amendment to the constitution of the United States and section 6 of article II of the constitution of Illinois and in violation of the statutes of the State of Illinois. She denied that said machine was gambling equipment and prayed that the People's petition be dismissed. In her counterclaim she claimed ownership of the machine, alleged it was not gambling equipment as defined in the act prohibiting slot machines, (Ill. Rev. Stat. 1942, chap. 38, par. 342,) was not so used, that it was unlawfully seized, and she prayed that it be returned to her. The People, answering this counterclaim, admitted the taking of the machine, alleged it was gambling equipment and not the subject of ownership, denied that it was not a gambling device as defined by statute and denied that it was not used for gambling purposes.

The issues being formed on these pleadings the court heard evidence, which disclosed that the machine was seized by two officers in the tavern of the intervenor about 9:30 P.M., at a time when the tavern was open and operating and accessible to the public. The machine was taken from the bar where it was found in plain view. The officers had no warrant and made no arrest. There was no evi-

dence that this machine was used in any manner and no evidence that it had no lawful use. One witness, a police officer, testified, over the objection of the intervenor, that he had played a similar machine in another tavern and had been paid in cash for a winning play. A detailed description and photographs of the machine were introduced in evidence by stipulation of the parties, and the machine itself was offered and admitted in evidence over intervenor's objection.

The court below found that the device was a gambling device *per se* and had been lawfully seized on view, and not in violation of the Federal or State constitutions, and ordered its destruction by the sheriff of the county. Intervenor's counterclaim was dismissed with prejudice.

The intervenor appeals directly to this court on the theory that a constitutional question is involved. She contends that the seizure of her property without a search warrant violates her constitutional rights guaranteed her by section 6 of article II of the constitution of the State of Illinois and the fourth amendment to the constitution of the United States.

The statute (Ill. Rev. Stat. 1949, chap. 38, par. 342,) describes gambling devices and provides that such devices shall be subject to seizure, confiscation and destruction by any municipal or other local authority within whose jurisdiction the same may be found. By this statute the legislature has determined that gambling devices are pernicious and dangerous to the public welfare and the keeping of them is prohibited by law. The constitutionality of this act has been sustained by this court in *Frost* v. *People,* 193 Ill. 635, and in *Bobel* v. *People,* 173 Ill. 19. These cases lay down the principles that devices which are manufactured, made, or kept for gambling purposes and have no potential for lawful use, are gambling devices *per se* and are not lawful subjects of property which the law protects, but have ceased to be regarded or treated as property, and

are liable to seizure, forfeiture and destruction without violating any constitutional provisions. These cases have been consistently followed by this court.

It is obvious, therefore, that if the machine here involved is such a gambling device as is described by the statute, its seizure and destruction raise no constitutional questions not previously determined by this court. The only debatable question in this case is whether this machine is such a gambling device, and that is a question of fact which raises no question of constitutional construction.

Whether the trial court misconstrued the law or erred in applying it to the facts does not raise a constitutional question. (*People* v. *Jiras*, 340 Ill. 208.) If no fairly debatable constitutional question is involved, it is the duty of this court to refuse to take jurisdiction. *City of Chicago* v. *Thomson*, 393 Ill. 568.

It is therefore ordered that this cause be transferred to the Appellate Court for the Second District.

*Cause transferred.*