**People of State of Illinois, Defendant in Error, v. Lester Cattaneo, Plaintiff in Error.**

**Gen. No. 10,750.**

Opinion filed May 17, 1954. Rehearing denied June 15, 1954. Released for publication June 15, 1954.

JOSEF T. SKINNER, and GEORGE S. SKINNER, both of Princeton, for plaintiff in error.

CALHOUN W. J. PHELPS, State's Attorney, Bureau County, Princeton, for defendant in error.

MR. JUSTICE WOLFE delivered the opinion of the court.

The State's Attorney of Bureau county, Illinois, filed an information in the county court of said county, charging Lester Cattaneo with the crime of keeping a

common gaming house in one count and in another that he kept or suffered to be kept a crap table, dice, chips, etc., for the purpose of playing games for money or other valuable things. The defendant entered a motion to quash the information as to the second count, claiming the crap table, dice and chips are not gambling devices as defined by the Criminal Code. This motion was overruled. A motion was then made to suppress the evidence, as the property was seized by the sheriff and his deputies without a search warrant. This motion was also denied. The case went to trial and the court found the defendant not guilty of keeping a common gaming house, but found him guilty of possessing gambling property and fined him $500 and ordered the crap table, dice, chips and other articles seized to be destroyed. It is from this judgment that the defendant has prosecuted a writ of error to this court.

The evidence shows that the defendant operated a tavern and restaurant located in Bureau county, Illinois; that the sheriff of Bureau county and two of his deputies looked through a window of the tavern and saw what is commonly called a crap table and chips, croupier sticks and dice on the table. At the time, the tavern was open for business, but only three persons were in the room. The three officers entered the tavern and seized the crap table, 1,240 chips and other articles mentioned. Underneath the table was a metal box with a slot in the top. It was connected to the table so that money could be placed from the table directly into the box. This box contained $151. In addition to the order of the destruction of the property, the court ordered this $151 confiscated and paid to the State's Attorney to be disposed of later.

 It is urged by the plaintiff in error that the seized articles were not a gambling device *per se,* and

that the court erred in not suppressing the evidence at the time of the trial. The crap table itself is not before us for our view, but it is agreed that photographs could be taken of it and introduced in the record, and we do have these photographs before us. It seems to us that the evidence fully sustains the court's finding that this paraphernalia could be used for no useful purpose and that it was clearly a gambling device. While there is no evidence that it was being used at the time, there certainly was evidence to show that it had been used for gambling purposes, as there is no explanation why the money was in that box connected to the crap table if it had not been used.

██ It is insisted also that the court erred in not suppressing the evidence, because the property was seized by the officers without a search warrant. It has frequently been held by our Supreme and Appellate Courts that gambling devices are not the subject of ownership, and the protection to the right of ordinary property, as defined in our constitution. In the case of *People v. One Device,* 410 Ill. 318 at page 321, our Supreme Court was discussing the law relative to the confiscation of gambling devices and we find this language: "The Statute (Ill. Rev. Stat. 1949, chap. 38, par. 342,) describes gambling devices and provides that such devices shall be subject to seizure, confiscation and destruction by any municipal or other local authority within whose jurisdiction the same may be found. By this statute the legislature has determined that gambling devices are pernicious and dangerous to the public welfare and the keeping of them is prohibited by law. The constitutionality of this act has been sustained by this court in *Frost v. People,* 193 Ill. 635, and in *Bobel v. People,* 173 Ill. 19. These cases lay down the principles that devices which are manufactured,

made, or kept for gambling purposes and have no potential for lawful use, are gambling devices *per se* and are not lawful subjects of property which the law protects, but have ceased to be regarded or treated as property, and are liable to seizure, forfeiture and destruction without violating any constitutional provisions. These cases have been consistently followed by this court." The court in that case held that there was not a constitutional question involved, and transferred the case to this court for consideration. Our opinion is found in 346 Ill. App. at 562, and what we said in that case is applicable here.

This court also had a similar case presented to us in, *People v. One Pinball Machine,* reported in 316 Ill. App. 161. In that case we reviewed many of the cases involving the same question. The Appellate Court of the First District in the case of *Weis v. Allman,* 325 Ill. App. 554, likewise reviewed many cases involving the same subject, so it seems to us unnecessary to cite further authority on this proposition.

As we said in the case of *People v. One Device, supra,* no explanation was offered as to what lawful use the seized property could be put. It is hard if not impossible, to conceive that the articles in question could be used for any lawful or useful purpose.

It is our conclusion that the court properly found that the articles in question were gambling paraphernalia *per se,* and that the defendant was guilty as charged in the information, and that the court properly ordered the property destroyed. The judgment is hereby affirmed.

*Judgment affirmed.*

MR. JUSTICE ANDERSON took no part in the consideration or determination of this case.