People of the State of Illinois, Plaintiff-Appellant-Cross Appellee, v. Clarence L. Hall and Kenneth B. Gibson, Defendants. Clarence L. Hall, Defendant-Appellee-Cross Appellant.

Gen. No. 10,577.

Fourth District.

February 4, 1965.

Rehearing denied and opinion modified March 16, 1965.

Robert J. Waaler, State's Attorney, of Urbana (Andrew Stecyk, Jack Waaler, and James L. Hafele, Assistant State's Attorneys, of counsel), for appellant.

Mort A. Segal, of Champaign for Clarence L. Hall, defendant-appellee and defendant-cross-appellant.

SMITH, P. J.

While searching a car for items named in a search warrant, the officer discovered 721 pair of dice of assorted colors and sizes and not numbered one through six. He seized these also and defendant was charged with possession of gambling devices. Defendant filed his motion to suppress all of the evidence obtained through the warrant. The trial court allowed the motion as to the dice and denied it as to the other evidence. The People appeal from the order suppressing the dice and the defendant Hall files a cross-appeal from the order refusing to suppress the other evidence.

We turn to the cross-appeal first as it attacks the search warrant in toto on the ground that the com-

plaint upon which it was issued fails to set forth probable cause for its issuance. Defendant relies principally on the case of Aguilar v. Texas, 378 US 108. There the application for the warrant stated that "affiants have received reliable information from a credible person and do believe that heroin . . . and other narcotics . . . are being kept . . . ," etc. The warrant issued, the search was made, the evidence so obtained was admitted into evidence and a conviction resulted. The United States Supreme Court reversed the judgment of the Texas Court of Criminal Appeals affirming the conviction and remanded for further proceedings. In so holding, the Supreme Court stated at page 113: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 US 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 US 528, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, Supra, at 486; Johnson v. United States, Supra."

The complaint before us is made by a police officer, specifically describing the automobile to be searched by make, year, license number and its location by street and number and states that "he has

just and reasonable grounds to believe and does believe that said stolen property consists of (describing it but not the dice) . . . , that the following are the reasons for his belief; towit: That I have been informed by persons known to me to be reliable that coins of the above description, the property of Illinois Bell Telephone Company, a corporation, were stolen from a 'pay phone' located in a building commonly known as the Men's Old Gym on Springfield Avenue in the City of Urbana, County and State aforesaid, and the theft aforesaid occurred on the 8th day of May, 1964, and two men, towit: Kenneth B. Gibson and Clarence L. Hall were seen adjacent to the 'pay phone' aforesaid and both men were not regular users of said building and behaved in an unusual manner while in and around said building and that Kenneth B. Gibson was then and there seen driving the automobile aforesaid from the Men's Old Gym building aforesaid and a short time thereafter the theft aforesaid was discovered, and that Clarence L. Hall had in his possession a key to open instruments commonly known as a 'pay phone.' "

■ A comparison of the two affidavits points up the difference between the one struck down by Mr. Justice Goldberg in Aguilar and the one before us. Here the officer stated the circumstances from which he concluded that his informant was "credible" or his information "reliable". In Aguilar, the warrant issued on the magistrate's acceptance of the informant's "suspicion, belief, or mere conclusion" without more. Here the chain of events suggesting the probable cause is set forth for the magistrate's judicial determination. In Aguilar, there were none—what Aguilar lacked is present here. It seems clear to us that the circumstances related in the affidavit would warrant a man of reasonable caution in believing that an offense had been committed and the defendant

10

was directly connected with it. It follows, therefore, that probable cause did exist for the issuance of the search warrant and the trial court was correct in denying the motion to suppress as to the items named in the warrant.

We next turn to the appeal of the People from the trial court order suppressing the evidence as to the 721 pair of dice. These dice were described by the officer as follows:

> "The dice were in rows in trays that had covers over them that snapped closed. There were approximately 200 to 230 dice in each of these trays. They were of different sizes and colors and were dice that you could only throw so many numbers with. You couldn't throw all the numbers like you can on regular dice.

> "The dice were not numbered 1 through 6. They were numbered 1 through 5 and some of them would have just threes and fours and fives on one dice. Some of the dice had ones and twos on it but no threes, fours, fives or sixes or may have had twos, threes, fours, fives and sixes but no ones. Each dice is supposed to have one through six but some of them didn't have."

It is the People's contention that the order suppressing this evidence was in error because (a) these dice were gambling devices per se and seizable in any legal search and in the alternative, (b) if they were not contraband or taken from the defendant's home, he must claim ownership of them to successfully prosecute a motion to suppress.

██ It is no evidence of erudition on our part to observe that these dice vary considerably in structure, design and numbering from the normal dice utilized for either lawful or unlawful purpose. It is

patent that we here deal with abnormal rather than normal dice. We think it abundantly clear that normal dice are not iniquitous per se nor within the legislative condemnation although they may become contraband if used with, a necessary part of or indubitably connected or associated with other gambling paraphernalia when seized. In short, normal dice may lose their virginity through immediate and present association. People v. Wrest, 345 Ill App 186, 103 NE2d 171. Section 28-2(a) of our Criminal Code defines a gambling device, among others, as "other device designed primarily for use in a gambling place." Ill Rev Stats 1963, c 38, ¶ 28-2(a). Our Supreme Court supplies the principle that devices which are made or kept for gambling purposes and have no potential for lawful use are gambling devices per se and are not lawful subjects of property which the law protects. People v. One Device Known as "Joker" or "Slotless" Slot Mach., 410 Ill 318, 102 NE2d 122; People v. Cattaneo, 6 Ill2d 122, 126 NE 2d 692.

The fertility of our imagination is insufficient for us to ascribe to the dice in question any potential for an honest or lawful use. We view with a jaundiced eye the thought that they were designed or possessed for an innocent game of parcheesi, monopoly or other innocuous parlor game. The evidence heard on the motion to suppress neither directly nor indirectly suggests any such benign purposes. We therefore conclude that they were "designed primarily for use in a gambling place" and have no discernable potential for lawful use. As such, they are contraband and subject to seizure on sight as an incident to an otherwise lawful search.

██ The dice in question came into the possession of the officers as an incident to a lawful search and seizure. We have held that they were "designed

12

primarily for use in a gambling place" and thus malum prohibitum. "When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search, it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for." Abel v. United States, 80 S Ct 683, 697, 362 US 217, 238. Johnson v. United States, 293 F2d 539. Moreover, our Code of Criminal Procedure, c 38, ¶ 114–12 states, "The judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were unlawful shall be on the defendant." The defendant made no attempt to comply with this statute. If the dice in question were not designed primarily for use in a gambling place or were possessed by the defendant for a lawful purpose, the record fails to show it. It is the defendant's duty to show this under our statute. It follows that the trial court was in error in suppressing the dice.

█ The motion to suppress included the dice, the items named in the warrant and other items included in the inventory filed with the return of the warrant. As to the other items mentioned in the inventory, the defendant has no standing to complain. Where a defendant neither claims the ownership nor a property interest in the property nor demands the return of the property alleged to be illegally seized, he cannot complain of its seizure or its use in evidence against him. Defendant does not bring himself within the exceptions to this rule. People v. Perroni, 14 Ill2d 581, 153 NE2d 578; People v. Mayo, 19 Ill2d 136, 166 NE2d 440; and People v. Kelley, 23 Ill2d 193, 177 NE2d 830.

The judgment of the trial court in denying the motion to suppress the items named in the inventory attached to the return of the warrant is affirmed. The order suppressing the dice is reversed and the cause

13

remanded with direction to proceed in conformity with the views herein expressed.

Affirmed in part, reversed and remanded in part.

TRAPP and CRAVEN, JJ., concur.