People of the State of Illinois, Appellant, v. In the Matter of a Search Warrant Upon the Person of William L. Johnson and Premises Located at 9207 So. Harvard Avenue, Two Story "One Family" Brown Brick Unit, Chicago, Illinois, Appellee.

Gen. No. 51,295.

First District, Fourth Division.

May 26, 1967.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Sheldon Schapiro, Assistant State's Attorneys, of counsel), for appellant.

No appearance made for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

The trial court granted defendant's motion to quash a search warrant, apparently on the ground that the affidavit therefor was insufficient. The State appeals, contending that the affidavit in support of the warrant contained facts sufficient to establish its veracity and reliability, and that there was probable cause to believe an offense had been or was being committed.

The affidavit was in the form of a complaint by Police Detective Sherwood Williams requesting a warrant to search the person of William Johnson and the premises at 9207 S. Harvard Avenue, Chicago, and to seize certain specified instruments, articles and things such as policy result tickets, policy bets and other policy records which had been used in the commission of or which constituted evidence of the offense of "Lottery Policy" gambling. Complainant stated that his belief that the articles to be seized were on the person and premises designated was based upon the following:

On the 27th of December 1964, I had a conversation with a reliable informant, who has given me information in the past concerning Lottery Policy and I found this information true in every case, and this reliable informant told me that Charles Hoosier, William L. Johnson and Charles Belcher were involved in the operation of the Fire Chief-Holiday-Hoss Policy Wheel, and that they met daily between 2 p. m. to 2:30 p. m. and 10 p. m. to 11:30 p. m. at the home of Charles Belcher located at 9207 S. Harvard Avenue, Chicago, Illinois, where they "turned in" the bets that they picked up from their policy routes on the south side of the city of Chicago, Illinois, and waited for Hoosier to bring the Policy result tickets.

From the 28th of December 1964 to the 13th of January 1965, I and other officers of my unit have maintained a constant surveillance of persons connected with this Policy Wheel daily, except Sundays, and followed them as they worked their policy routes, picking up bets and delivering policy result tickets.

On the 12th and 13th of January 1965, I followed William Johnson as he worked his route and at 10801 S. Bishop, 1st floor, and 11342 S. Ada St., first floor, I saw Johnson enter these locations, and

144

when he emerged from them, he was sorting policy writings. At 11:45 on 13 January 1965, I saw William L. Johnson place a small package in the doorway of the building at 10801 S. Bishop, and leave this location. When I checked the package, I found them to be a quantity of Policy Result Tickets for the Fire Chief-Holiday-Hoss Policy Wheel. I recovered one of these result tickets for evidence.

On the 12th and 13th of January 1965 when I had William L. Johnson under constant surveillance while he was working his route, I followed him to 9207 S. Harvard St., Chicago, Illinois on both dates. At this location Johnson would take the Policy bets accumulated over his route and carry them into this location.

A search warrant was issued by a Magistrate on January 14, 1965, on the basis of this affidavit.

At the hearing on defendant's motion to quash the warrant, he argued that the affidavit was lacking in facts to show the reliability of the informant and how he had obtained his information. In granting defendant's motion, the court relied on Aguilar v. Texas, 378 US 108, which we believe was incorrectly applied to this case, since in Aguilar the complaint contained no affirmative allegation that the affiant spoke with any personal knowledge, did not indicate any reasonable corroborative source for the complainant's belief in the information he had received, and did not therefore furnish adequate support for a conclusion as to the informant's reliability.

In reviewing and approving the issuance of a search warrant in People v. Hall, 56 Ill App2d 7, 204 NE2d 824, this court interpreted and distinguished Aguilar at pages 10–11:

Here the officer stated the circumstances from which he concluded that his informant was "credi-

ble" or his information "reliable." In Aguilar, the warrant issued on the magistrate's acceptance of the informant's "suspicion, belief, or mere conclusion" without more. Here the chain of events suggesting the probable cause is set forth for the magistrate's judicial determination. In Aguilar, there were none—what Aguilar lacked is present here. It seems clear to us that the circumstances related in the affidavit would warrant a man of reasonable caution in believing that an offense had been committed and the defendant was directly connected with it.

In the instant case, the warrant was based upon hearsay obtained from an informant alleged to be reliable on the basis of previous experiences; upon corroborative personal observation of defendant and the premises to be searched by the complaining officer; and also upon the officer's discovery of tangible evidence in the form of policy slips. Similar circumstances were presented to the court in United States v. Ventresca, 380 US 102, 108, where the warrant was upheld and the Court of Appeals for the First Circuit was reversed:

Thus hearsay may be the basis for issuance of the warrant "so long as there [is] a substantial basis for crediting the hearsay." Jones v. United States [362 US 257, 272]. And, in Aguilar we recognized that "an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant," so long as the magistrate is "informed of some of the underlying circumstances" supporting the affiant's conclusions and his belief that any informant involved "whose identity need not be disclosed . . . was 'credible' or his information 'reliable.' " Aguilar v. Texas, supra, at 114.

And further at page 109:

> Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States, supra, at 270.

See also McCray v. Illinois, 87 S Ct 1056.

Thus, the guiding principle in determining probable cause is common sense. With that in mind, it might almost be said of the instant case that even had the informant's reliability not been attested to by past performance within the officer's knowledge, the detailed recitation of the police surveillance and the finding of policy slips would in themselves have justified a reasonable belief in probable cause for the issuance of a warrant to search. People v. McCray, 33 Ill2d 66, 70–71, 210 NE2d 161, and cases cited therein.

The defendant did not sufficiently discharge his burden of proof on the motion to quash the search warrant. Ill Rev Stats 1963, c 38, § 114–12. The judgment of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.