People of the State of Illinois, Plaintiff-Appellant, v. Vernon J. Picard, Defendant-Appellee.
In the Matter of a Search Warrant Upon the Premises Located at 1644 West 79th Street, 2nd Floor, Apartment "K" in the City of Chicago, County of Cook, State of Illinois.

Gen. Nos. 53,500, 53,501. (Consolidated.)

First District, Fourth Division.

June 10, 1970.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Thomas A. Hett, Assistant State's Attorney, of counsel), for appellant.

Blacher, Buckun & Nellis, of Chicago (William J. Nellis, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant was charged with gambling in that he used or kept a book, or instrument, or apparatus, for the purpose of recording and registering bets and wagers. Ill Rev Stats 1967, c 38, § 28–1(a) (5). The State has appealed from an order of the trial court granting defendant's motion to quash a search warrant and suppress as

evidence all objects seized in the execution of the warrant.

The complaint for a search warrant was submitted to a magistrate by a police officer, Donald Kenney, and included the following allegations of fact: (1) The information was received from a reliable informant whom the officer had known for approximately four weeks. (2) The informant had furnished true, exact and accurate information on previous occasions which had resulted in three arrests and one conviction and recovery of records of bets in all instances. (3) On March 26, 1968, the informant supplied a telephone number which he said was the number he called to place bets. (4) The number was checked through the telephone company, and the subscriber was found to be Joseph L. Gorman of 1644 West 79th Street, 2nd Floor, Apartment K, Chicago. (5) The officer dialed the number and handed the phone to the informant, who engaged in a conversation wherein he identified himself and placed a wager on a horse race. The informant then said, "No, that's all for now," and hung up. The informant explained to the officer that the phone rang once and was answered by an unknown person who accepted the wager. The person asked if there would be anything else. (6) Surveillance of the location revealed it to be a three-story building with stores on the ground floor.

Upon this complaint, a warrant was issued on March 26, 1968, and execution followed the same day by confiscation of records of horse bets and scratch sheets. The trial judge sustained defendant's motions to quash the warrant and suppress the seized evidence apparently because the informant had not been identified in the affidavit for issuance of the warrant.

The State contends that probable cause did exist for the issuance of the warrant, notwithstanding the fact that the informant was not identified.

The recent case of People v. Mitchell, 45 Ill2d 140, 258 NE2d 345, controls our decision in this case. There, the court found that probable cause existed even though the informant was not identified and the affidavit for the issuance of the warrant was based almost entirely on hearsay. The factual similarities between Mitchell and the case at bar are striking, the contents of the affidavits being identical in all essential respects. Also, in the instant case affiant's surveillance of the suspect dwelling, insofar as it was disclosed to be an apartment building, tended to corroborate the information contained in the affidavit. See People v. Johnson, 84 Ill App2d 143, 228 NE2d 457.

Accordingly, we hold that the search warrant was properly issued on probable cause. The order of the Circuit Court sustaining defendant's motion to quash the warrant and suppress the evidence seized, is reversed.

Reversed.

DRUCKER and LEIGHTON, JJ., concur.