THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID J. SYMMONDS, Defendant-Appellee.

(No. 12303; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Fourth District—April 18, 1974.

James R. Burgess, Jr., State's Attorney, of Urbana (Donald R. Parkinson, Assistant State's Attorney, and James L. Proffit, Senior Law Student, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal by the State pursuant to Supreme Court Rule 604 (a)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)(1)) from an order granting the defendant's motion to suppress evidence. On January 10, 1973, at 8:15 P.M., Illinois State Trooper Nargelenas stopped the defendant's car after observing it had only one headlight functioning. Following routine procedure for hours of darkness, as the trooper approached defendant's vehicle he used a flashlight to glance inside to ascertain the number of occupants and the possible presence of any weapon. In so doing he observed some beer cans on the floor behind the front seat and a plastic lid with a grass-like substance on the back seat. When the defendant, who was alone in the car, was unable to produce his driver's license, he was requested to accompany the trooper back to the squad car to determine by radio whether the defendant had a valid driver's license. The trooper asked the defendant's age and the defendant refused to tell him. It appeared to the officer that the defendant was under 21 years of age. The trooper then returned to the defendant's car where he ascertained that the beer cans were empty. While looking in the rear of the vehicle, the trooper again noticed the grass-like substance on the back seat, and suspecting that it was marijuana, he seized it.

After a complaint was filed charging defendant with possession of more than 2.5 grams, but less than 10 grams of cannabis in violation of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 704), he was arraigned and plead not guilty. The defendant then filed a motion to suppress alleging that the search was illegal, stating that he had been stopped for a minor traffic violation and offered no resistance to the arrest for failure to have one headlight working and for failure to have his driver's license on his person, after which "* * * the officer thereupon conducted a search which was illegal and recovered from the petitioner's automobile a small amount of Cannabis which was sitting on a plastic lid on the rear seat of the automobile along with miscellaneous items".

On March 2, 1973 a hearing was had on the motion to suppress, following which the court granted the motion along with a statement of the court's findings. The court found that the trooper had observed the plastic lid with the grass-like substance on the back seat as well as the beer cans on the floor when initially approaching the defendant's car, and that after it was learned the defendant did not have a valid driver's license on his person and the defendant refused to tell his age, the trooper had probable cause to return to the defendant's car and ascertain whether or not the beer cans contained any beer. However, the court went on to find "the officer, at the same time, suspected that the grass

on the plastic lid might be marijuana. There being no evidence before the court that the officer had any training or knowledge of what marijuana looks like, there is finding by the court that the officer did not have probable cause to seize the grass in the back seat." The court also found "* * * that the evidence was not produced to the court to ascertain the time it was determined that the substances [sic] was marijuana or at what time the officer had probable cause to believe that it was."

■■ On this appeal the State presents three issues: Whether the conduct of the trooper constituted a search; if so, whether it was a reasonable search; and whether the trial court improperly excluded the testimony of the trooper. At the outset it should be noted that the court specifically found the trooper had probable cause to return to the defendant's car and investigate the condition of the beer cans. The contention of the defendant in his motion that the entire search was invalid because he had only been stopped for a minor traffic violation is of no merit. The United States Supreme Court has recently spoken on the matter of warrantless searches incident to arrest for traffic offenses and rejected the contention that the relative seriousness of the offense for which the arrest is made limits the extent of the permissible search, holding that a law-enforcement officer's authority to make a full search incident to a custodial arrest requires no justification beyond the fact of the arrest itself. (*United States v. Robinson,* 94 S.Ct. 467, 38 L.Ed.2d 427; *Gustafson v. Florida,* 94 S.Ct. 488, 38 L.Ed.2d 456.) Those Supreme Court cases are similar to the instant case in that they involve an arrest for relative minor traffic violations and a fortuitous discovery of narcotics in the subsequent search but are distinguishable in that the search was of the person of the defendant.

■■■ We agree with the trial court that the State trooper had probable cause to return to the car and make a search. The Illinois Supreme Court has said that an accused is afforded constitutional protection against unreasonable searches and seizures if the State is compelled to support a search incident to an arrest without a warrant by credible evidence showing the basis for reasonable cause by the arresting officer. (*People v. McCray,* 33 Ill.2d 66, 210 N.E.2d 161.) Here defendant failed to produce a driver's license at the request of the arresting trooper, and this alone has been held a circumstance sufficient to warrant a policeman's reasonable belief that he may be dealing with a criminal rather than a mere traffic violator. (*People v. Gilyard,* 124 Ill.App.2d 95, 260 N.E.2d 364.) In that case, the court upheld the policeman's search of the driver and both passengers of the automobile. In addition, in the instant case, the trooper had observed beer cans in the back of the car and defendant appeared to be under the age of 21 (in fact, defendant

was 19), so that the mere possession of the beer might be an offense even if it were not open. Regardless of how well the trooper had seen the plastic lid containing a grass-like substance from outside the car, once legitimately inside the car for the purpose of inspecting the beer cans, he was not obliged to ignore the former. The Illinois Supreme Court has said:

> "We have held that a search implies a prying into hidden places for that which is not open to view; and that a search implies an invasion and quest with some sort of force, either actual or constructive * * *. Where, as here, the articles are in plain and open view and are observed by police officers under suspicious circumstances, it is not a 'search' nor an unreasonable seizure for the officers to make a reasonable investigation thereof." (*People v. McCracken*, 30 Ill.2d 425, 429, 197 N.E.2d 35.)

A search incident to a lawful arrest is reasonable even though it is not restricted to evidence directly related to the offense for which the arrest is made. (*People v. Pruitt*, 79 Ill.App.2d 209, 223 N.E.2d 537.) The test is whether the search was reasonable. (*People v. Wright*, 42 Ill.2d 457, 248 N.E.2d 78.) A seizure of property, the possession of which is unlawful as well as evidence related to the crime, is permissible. *People v. Hester*, 39 Ill.2d 489, 237 N.E.2d 466.

■■ Probable cause is required for any warrantless search. (*Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed.2d 564, 91 S.Ct. 2022.) However, probable cause in that sense refers to a belief which is reasonable that a search of the particular place or thing will disclose evidence, fruits of the crime, or is necessary for the protection of the police officer so as to justify the search. Here there was a valid arrest and the court found probable cause to return to the car to investigate the beer cans. The real issue here is the precise scope of the required "probable cause". The trial court in its order did not find the search itself invalid as lacking probable cause, nor did it make any finding that the marijuana was not contraband found in plain view during the valid search. Rather, the finding that the officer lacked probable cause is directed at the officer's qualification or competency to formulate the probability that the grass-like substance was marijuana.

Again referring to the United States Supreme Court cases involving narcotics discovered in a search incident to arrest for minor traffic violations: in *Robinson*, the defendant was stopped while driving without a license, and during the subsequent search the officer felt an object which he removed from a pocket and saw that it was a crumpled cigarette package. The officer testified that he did not know what was in the package, but it did not feel like cigarettes so he opened it and found 14

gelatine capsules containing a white powder which he thought to be, and which later analysis proved to be, heroin. The heroin was introduced at the trial which resulted in the defendant's conviction. Therefore, in *Robinson* the policeman only saw the crumpled up cigarette package—nothing resembling narcotics—and then opened the package and saw capsules which contained white powder which he thought to be heroin. In discussing the validity of the search and seizure, the Supreme Court did not question why the policeman thought the white powder was heroin. The Supreme Court said:

> "Having in the course of a lawful search come upon the crumpled package of cigarettes, he was entitled to inspect it; and when his inspection revealed the heroin capsules, he was entitled to seize them as 'fruits, instrumentalities, or contraband' probative of criminal conduct."

*Gustafson v. Florida* is factually more similar to the instant case, involving a minor traffic violation where the defendant was placed under arrest for failure to have a driver's license and marijuana was discovered in the subsequent search. In that case the policeman took the cigarette package from defendant's pocket and saw marijuana cigarettes in it. At the trial, the policeman testified: "I had been shown this in training at the police department and these appeared to be marijuana to me." Again, the Supreme Court said that the search was valid and where it turned up a package, the policeman was entitled to open it, and when seeing it contained home-made cigarettes which he believed to contain an unlawful substance, he was entitled to seize them. It should be noted that in those two cases the police officers did not directly view the contraband as did the trooper in the instant case, and even after opening the packages the contents were not such that the officers could be positive they were contraband—rather a white powder which the first officer believed to be heroin and the second home-made cigarettes which that officer believed to be marijuana.

■■ In *People v. Machroli*, 100 Ill.App.2d 227, 241 N.E.2d 609, while in the process of being lawfully arrested, the defendant placed a small box on a dresser in plain view of the arresting officer who picked it up, opened it, and found three tablets, later identified as a narcotic. The seizure of the tablets and the box was held not to be unreasonable. In another case, police officers who had probable cause to believe a crime was being committed when they entered a room were not required to overlook packets observable after the entry which were known to them to be the type of container used for dispensing narcotic drugs. (*People v. Hayes,* 81 Ill.App.2d 400, 226 N.E.2d 517.) The instant case is distinguishable from these in that the arresting trooper did not merely see

a package or container which looked suspicious, but rather viewed the grassy substance itself. The term "probable cause" generally refers to the required condition precedent for the warrantless search (*People v. Joyner*, 50 Ill.2d 302, 278 N.E.2d 756) and therefore in the above cases the respective courts were only concerned with the legal justification for looking in the cigarette packages, box, and packets, not requiring proof of the officer's qualification to recognize the contraband contained therein to justify seizing it. In the instant case, the judge found a valid arrest and probable cause to conduct a search of the car, but then found no probable cause to seize the marijuana not concealed so as to require opening any container.

▮▮▮ The Illinois Supreme Court has said that the subjective belief of a police officer that an envelope contained in the pocket of a traffic offender contained gambling devices was an insufficient basis for a search of the envelope where it was not predicated upon other objective facts, such as something about the envelope itself or its visible contents which gave the police an indication of their illicit nature. (*People v. Tate*, 38 Ill.2d 184, 230 N.E.2d 697.) But where a search is lawful and reasonable and being made for specific property, it is not rendered unlawfully exploratory merely because it produces other articles of evidence relating to some other offense, and where an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search, he need not return it because it was not one of the things it was his business to look for. (*People v. Robinson*, 40 Ill.2d 453, 240 N.E.2d 630.) The trial court in *Tate* had admitted the evidence, saying that the envelope in the defendant's pocket was in plain view. The supreme court reversed, saying the envelope itself being in plain view did not justify seizing it, and opening it to examine the contents constituted a search which was not justified where the officer only testified that he believed it contained policy slips. As noted above, the instant case does not involve the search and seizure of a package, capsule, or envelope which contains evidence or contraband, but rather the suspected contraband was directly observed and the issue is what action the officer could take upon that observation. In *People v. Johnson*, 15 Ill.App.3d 741, 305 N.E.2d 208, the police found a wallet on the floor near the defendant who was apprehended in a vacant apartment pursuant to a call from a tenant about prowlers. The wallet contained the ID of a man other than defendant or his two colleagues. The appellate court said the policeman had reasonable cause to arrest the defendant and since there was a valid arrest, the seizure of the wallet in plain view was permissible and ·did not even constitute a search. The policeman did not know that the wallet was stolen—stolen wallets are not the natural consequence of

trespass and disorderly conduct with which the defendant was charged—and yet once there was a valid arrest, the policeman had authority to seize and investigate. Likewise, in the instant case, marijuana is not a natural consequence nor evidence of the traffic violations, and neither are all grassy substances contraband, but where there was a valid arrest and a legitimate search the police officer was authorized to seize and investigate the material.

The Code of Criminal Procedure provides for a motion to suppress evidence illegally seized to be made by a defendant aggrieved by an unlawful search and seizure on the grounds that the search and seizure without a warrant was illegal; or the search and seizure with a warrant was illegal either because of a defect in the warrant or in its execution. (Ill. Rev. Stat. 1971, ch. 38, par. 114—12(a)(1)(2).) The Code further provides that "The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were unlawful shall be on the defendant." (Ill. Rev. Stat., ch. 38, par. 114—12(b).) This has been taken to mean, for example, that if the seizure would be lawful if the articles are contraband and it is unclear whether they are, the defendant must establish that they are not in order to succeed. *People v. Hall*, 56 Ill.App.2d 7, 204 N.E.2d 824.

■■ Section 114—12 is phrased in terms of illegality of the search and seizure, and the cases collected in Smith-Hurd Annotated under that provision are concerned with the validity of the search rather than with the competency of the particular piece of evidence uncovered. It is the State's burden to show the basis of an arresting officer's belief which led to the arrest when a search without a warrant pursuant to the arrest is attacked. (*People v. McCray.*) At the hearing on the motion to suppress, the burden is on the defendant to prove the search and seizure unlawful. (*People v. Wright.*) Of course, proof that the grass-like substance is marijuana is an element of the offense which the State must prove at trial and a proper foundation must be laid for its introduction into evidence at the trial.

■■ It appears that in an attempt to effect the spirit of paragraph 114—12(b) to determine the admissibility of evidence before trial, the the court made a ruling in anticipation of a failure of the prosecution to lay a foundation for the evidence at a trial—a failure to show how the evidence is relevant and competent rather than finding that the police officer had no probable cause to seize the marijuana found in the car. Neither the defendant nor the court objected to testimony about seizing marijuana given at the hearing which was held to determine the legality

of the search and so any error in the trooper's testimony at the hearing was waived. The order suppressing the marijuana is not based on findings of an unlawful search (in fact, probable cause to search the car was found), but rather on the grounds the police officer had failed to explain why he believed the grass substance was marijuana to establish his basis for having probable cause to seize it, and this appears to be in anticipation of foundation as to relevance or competence required in order to introduce evidence at a trial rather than to the validity of the search and seizure.

■■■■ "Probable cause" justifying the search of an automobile without a warrant *not* incidental to arrest is knowledge of facts warranting a reasonably prudent person in believing that a crime has been or is being committed, and that evidence thereof is contained in the automobile. The search must be for specific property and may not be exploratory and made solely to find evidence of guilt. (*People v. Erickson*, 31 Ill.2d 230, 210 N.E.2d 422.) The above is the stricter rule for showing probable cause when there is a warrantless search not incidental to arrest, and, of course, in the instant case the search was incidental to arrest. To constitute "probable cause" for searches and seizures, it is unnecessary that the arresting officer should have before him legal evidence of suspected illegal actions. What constitutes "probable cause" for searches and seizures must be determined from the standpoint of the officer, with his skill and knowledge, rather than from the standpoint of an average citizen under similar circumstances. (*United States v. Sebo*, 101 F.2d 889.) For example, in *People v. Davis*, 33 Ill.2d 134, 210 N.E. 2d 530, the defendant's car was stopped for making an illegal left turn and for having no license plates. When the defendant got out to display his driver's license, the officer noticed a small tin-foil packet on the floor of the car. The officer picked up the packet, cracked it open and found it to contain narcotics. Only then was defendant arrested, after which the car was searched and another packet found. The supreme court held both packets were properly admitted into evidence—the first under the plain view doctrine and the second as incident to arrest. If the officer, simply seeing a tin foil packet which could contain anything, is justified in looking inside and concluding that it contained narcotics without a chemical analysis, then surely the trooper in the instant case, seeing a substance itself in plain view was justified in seizing it, whether under the plain-view doctrine or as a search incident to arrest. It seems clear that a police officer need not be absolutely certain that a certain substance is contraband if all other conditions for its seizure are established. For example, it appears that even an expert cannot positively identify heroin or distinguish it from other white

powdery substances solely by visual inspection, but it has not been held necessary to have a professional chemist analyze suspected heroin before it may be seized. While in order to testify that a substance is a narcotic at a trial, a witness should testify to his qualifications, *i.e.*, that he had been trained to recognize the substance, that he has had so many number of years as a policeman having extensive experience with it, etc., this does not appear to be necessary when the issue is merely the validity of the search and seizure. As was discussed above, this case is distinguishable from those where the contraband was packaged or in some way concealed, for example, the cases involving heroin contained in tin-foil packets or in capsules. It is true that every grass-like substance is not contraband, but neither do all tin-foil packages or capsules contain narcotics; and although grass-like substances are not per se contraband, any grass-like substance which is precious enough to be collected and placed in plastic containers surely gives rise to as much probable cause to the reasonable officer as would finding a tin-foil packet or a gelatin capsule. It appears that the order suppressing this evidence has intermingled two concepts: Whether the search is invalid because of no probable cause to institute the search, or because the particular thing seized was outside the scope of a reasonable search, and the requirement of foundation at trial to show the substance is contraband and how determined to be such in order to render it admissible evidence.

It may be useful in making this distinction to examine the dissenting opinion in *United States v. Robinson.* The cases cited there concern the finding of marijuana or heroin during the search of a person arrested for minor traffic violations. They do not question the reasonableness of the officer's belief that the white powder or the grassy substance was narcotics, but rather the reasonableness of the intensive search which resulted in the findings which the dissenters believe were unjustified searches for weapons since traffic offenses do not entail fruits of the crime as do other offenses which might justify the search of the person and the immediate area to prevent destruction. That is to say, even that dissent does not propose that probable cause concerns the police officer's expertise in identifying narcotics by sight, but rather goes to the reasonableness of instituting the search and its intensity. Since this search was found to be incident to a lawful arrest, the evidence should not have been suppressed before the prosecution had an opportunity to establish its admissibility at trial.

Reversed and remanded.

SMITH, P. J., and CRAVEN, J., concur.