THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* KEVIN T. CORRIGAN, Defendant-Appellee.

Fourth District   No. 13316

Opinion filed January 27, 1977.

John G. Satter, Jr., State's Attorney, of Pontiac (Richard E. DeMoss, Assistant State's Attorney, G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

T. W. Hinds, of Pontiac, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was charged with the illegal transportation of liquor (Ill. Rev. Stat. 1973, ch. 95½, par. 11—502). Pursuant to Supreme Court Rule 604(a)(1), the prosecution appeals from the order of the trial court suppressing as evidence open cans of beer found in the glove compartment of defendant's automobile.

■■ The trial court found that the investigative stop made by the two arresting officers was lawful and authorized under section 107—14 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 107—14), which provides:

> "A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense * * * and may demand the name and address of the person and an explanation of his actions. Such detention and temporary questioning will be conducted in the vicinity of where the person was stopped."

Upon such finding we do not discuss the facts leading to the making of the investigatory stop.

Defendant's automobile was stopped at about 2 a.m. on a country road by Deputies Linsky and Gragert by the use of red flashing lights. The vehicle of the deputies was halted behind defendant's automobile so that the latter was illuminated by the headlights and spotlights of the former. As the officers approached the car they observed two men in the front compartment and one in the rear. Linsky approached defendant at the left front door of the sedan. He recognized defendant as an acquaintance of some years. Linsky smelled an odor of alcohol and defendant conceded that they had been drinking. Linsky observed a dripping from the glove compartment and a damp spot on the floor beneath it. He then started to the back of the car to advise Gragert that he knew the driver. He observed Gragert on the opposite side of defendant's car but did not hear what was said.

Gragert testified that as he approached the defendant's vehicle, he observed movements by the passenger in the front seat (an individual by the name of Feller who was not present at the hearing on the motion). It appeared to Gragert that Feller was putting something into the glove compartment or was placing something in front of him. Gragert's role was that of "back-up" man with relation to Linsky and he stated that since there was a man in the back seat and the movement of Feller in the front seat suggested a possibility of weapons he moved farther forward along the side of the car than he customarily did. From a position near the center post of the passenger compartment he used his flashlight to look into the front and rear seat areas. In the front portion he observed that the glove compartment was partially open and that liquid was dripping from it. Gragert tapped on the window and requested Feller to open the door. He asked whether Feller had put anything into the glove compartment. The latter denied doing so and said that the partially opened compartment was locked. As the automobile door was opened Gragert could smell the alcoholic liquor dripping from the compartment, and when he pushed it the compartment door came open disclosing the opened cans of beer. The defendant and the passengers were then arrested.

As we understand the statements of the trial court made incident to the order suppressing, he concluded that the "plain view" observation of the liquid dripping from the glove compartment did not give probable cause to request that the automobile door be opened to investigate the dripping phenomenon and that Gragert had no probable cause to search until he had smelled the alcohol. It did not appear to the trial court that Linsky had advised Gragert of the odor of alcohol. The conclusion of the court seems to be that there was no probable cause to request the opening of the automobile door, and that Gragert was not entitled to rely upon the

odor of alcohol as a factor of probable cause justifying the subsequent search.

Where there is probable cause to believe that the contents of an automobile offends against the law, a warrantless search may be reasonable. (*People v. Joyner* (1972), 50 Ill. 2d 302, 278 N.E.2d 756; *People v. Parra* (1975), 35 Ill. App. 3d 240, 340 N.E.2d 636; *People v. Miller* (1975), 36 Ill. App. 3d 542, 345 N.E.2d 1.) Probable cause to search not incident to arrest, is knowledge of factors warranting a reasonably prudent man in believing that a crime has been committed. *People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419, *cert. denied*, 394 U.S. 965, 22 L. Ed. 2d 567, 89 S. Ct. 1318; *People v. Symmonds* (1974), 18 Ill. App. 3d 587, 310 N.E.2d 208.

■■ The public interest in law enforcement brings recognition that under appropriate conditions and in an appropriate manner a police officer may approach for the purpose of investigating possible criminal conduct even though there is no probable cause to make an arrest. *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.

The officer may rely upon his knowledge and experience and the reasonable inferences which may be drawn from the facts which he has observed. (*Terry; People v. Symmonds* (1974), 18 Ill. App. 3d 587, 310 N.E.2d 208.) Suspicious or unusual activities of the occupant of an automobile combined with other observed facts may demonstrate reasonable cause to search. *People v. McKnight* (1968), 39 Ill. 2d 577, 237 N.E.2d 488, *cert. denied*, 394 U.S. 993, 22 L. Ed. 2d 770, 89 S. Ct. 1473; *People v. Felton* (1974), 20 Ill. App. 3d 103, 313 N.E.2d 642.

Upon the sum of the observed facts, we conclude that Gragert had probable cause for the search of the automobile without a warrant. He had observed Feller's apparent hurried and suspicious movements upon the approach of the officers and he had had a "plain view" observation of the unusual dripping from the glove compartment. These factors, in addition to the fact that the original stopping was lawful support a conclusion that it was reasonable to request that the door be opened to question the passengers. The odor of alcohol associated with the dripping glove compartment would ·warrant the belief of a reasonable man that further investigation was appropriate. Feller's statement that the compartment was locked was suspicious in the light of Gragert's observation that it was open to the extent of one-half inch to one inch.

The record shows, interestingly enough, that while defendant was the driver of the car and its apparent owner, he testified that he did not have the key to the glove compartment and that the passengers had *told him* that it was locked.

■■ Within the terms of *Terry v. Ohio*, the record shows that Gragert

had observed "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant that intrusion." 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906.

The order of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

CRAVEN, P. J., and GREEN, J., concur.